## 56279. KREAGER v. THE STATE.

Shulman, Judge.

In October, 1976, appellant and her husband were awarded temporary custody of two children pending their adoption of the children. In June, 1977, the younger of the children died of a head injury. Following an investigation, appellant was indicted for voluntary manslaughter and one count of child abuse as to each of the children. Trial on the charges resulted in appellant's conviction for involuntary manslaughter and for both counts of child abuse. She brings this appeal, contending that the evidence was insufficient to support the verdicts. We agree and reverse the convictions.

The evidence against appellant was, as the state concedes in its brief to this court, wholly circumstantial. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Code Ann. § 38-109. "When the circumstantial evidence supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt." Carr v. State, 119 Ga. App. 540, 544 (167 SE2d 707). "Circumstantial evidence is worth nothing in a criminal case, if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." Riley v. State, 1 Ga. App. 651, 655 (57 SE 1031).

Bearing in mind the principles embodied in the quotes above, we have undertaken a careful review of the evidence in this case. While the evidence does raise suspicions about the behavior of appellant and casts serious doubts on her credibility, the evidence adduced by the state to support the hypothesis of appellant's guilt does not exclude the reasonable hypothesis that the children's injuries resulted from something other than criminal acts attributable to appellant. The state was able to produce no evidence concerning the injuries to the children or the sources of those injuries which excluded

the hypothesis that the children's injuries were the result of not unexpected childhood scrapes and falls.

"Hence, the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence. Where the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. [Cit.]" *Patrick v. State,* 75 Ga. App. 687, 691 (44 SE2d 297).

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 14, 1978 — REHEARING DENIED DECEMBER 20, 1978.

*William Boyd Lyons, Larry K. Janney, Howard, Gilliland & Van Houten, Jay Y. McClure, Pierre Howard, Jr.,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.