## 42493. BEAL v. THE STATE.
(339 SE2d 581)

Bell, Justice.

Eddie Beal was convicted of the murder of his estranged wife, Patsy Beal, and received a life sentence.[1] He appeals, and we affirm.

Eddie and Patsy separated in October 1984, at which time Patsy began living with another man, Jackie Morrison. During October and November 1984, Patsy and Morrison made phone calls to Beal concerning their relationship. These calls angered Beal.

Lynn Scarborough, appellant's daughter by a marriage prior to that with Patsy Beal, and Scarborough's boyfriend, Lamar Rich, Patsy's son by a previous marriage, moved in with Beal for about four weeks after Patsy moved out. Beal, however, did not approve of his daughter's relationship with Lamar Rich, and asked them to leave. They then moved into a trailer on Jackie Morrison's land.

On November 21, 1984, Patsy and a friend, Angie Rodriquez, went by Beal's home to pick up a suitcase belonging to Beal's daughter. Several witnesses testified that as Patsy and Rodriquez stood by Rodriquez's car, Beal, who was driving into his garage, tried to run over Patsy. They said that Patsy then ran down the street, and that Beal jumped out of his car with a gun, ran after her, and fired at her twice. She tripped, and he stood over her and shot her three or four more times. Beal then drove away in his truck.

Beal testified that Patsy precipitated the incident in question by pulling out a pistol and firing two shots at him when she got out of Rodriguez's car. He said that in reaction to the shots, he stepped on the gas and ran into a wall. He said that he then got out of his car

---

[1] The crime occurred November 21, 1984, and Beal was indicted December 18, 1984. The verdict of guilty was returned February 6, 1985, and the life sentence was also imposed that day. Beal filed a motion for new trial February 22, 1985. The transcript was certified by the court reporter April 2, 1985. Beal amended his motion for new trial May 23, 1985, and the motion, as amended, was denied that day. Beal filed his notice of appeal June 6, and the case was docketed in this court July 10. It was orally argued September 16, 1985.

and that as he did so he picked up a gun that was laying on the floorboard. He said that he does not remember anything that happened thereafter. The eyewitnesses testified that Patsy did not have a gun at any time.

1. Beal contends in his first enumeration of error that the trial court erred in admitting a statement made by him to a sheriff's investigator. After a *Jackson v. Denno* hearing the trial court admitted the statement on the ground that it had been volunteered by Beal while in custody but at a time when Beal was not under interrogation. The record supports the trial court's findings, and we find no error. *Williams v. State*, 249 Ga. 839 (4) (295 SE2d 74) (1982); *Cole v. State*, 254 Ga. 286 (3) (329 SE2d 146) (1985).

2. In his second enumeration of error Beal contends that the trial court erred in denying his motion for mistrial after the state presented testimony that before Beal killed Patsy, he had stated that he had sawed off a shotgun in order to use it to kill her. This prior threat toward the victim was properly admissible to show the defendant's intent and state of mind. *Godfrey v. Francis*, 251 Ga. 652 (7) (308 SE2d 806) (1983); *Nicholson v. State*, 249 Ga. 775 (2) (294 SE2d 485) (1982). Accordingly, the trial court did not err in denying Beal's motion for a mistrial.

3. In his third enumeration of error Beal contends that the trial court's charge on intent was unconstitutionally burden-shifting in violation of *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). We disagree. The trial court's charge does not suffer from the same infirmities as that given in *Francis v. Franklin*, supra; it did not shift the burden of proof, but instead instructed the jury as follows: "You may infer, if you choose to do so, that the acts of a person of sound mind and discretion are the product of his will; and you may infer that a person of sound mind and discretion intends the natural and probable consequences of his acts. Whether or not you make any such inference is a matter solely within your discretion." There is no error in this charge. *Lingerfelt v. State*, 255 Ga. 180 (4) (336 SE2d 250) (1985).

4. Beal has filed a pro se brief asserting that he was denied his right to a preliminary hearing and that we should therefore grant him a new trial. This argument has no merit. *McClure v. Hopper*, 234 Ga. 45 (2) (214 SE2d 503) (1975).

5. In his pro se brief Beal also challenges the sufficiency of the evidence. We have, however, reviewed the evidence in a light most favorable to the verdict, and find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 1986.

*William W. Keith III,* for appellant.

*Jack O. Partain III, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General,* for appellee.