## 44004. CHAPMAN v. THE STATE.
### (354 SE2d 149)

WELTNER, Justice.

Frank Chapman was convicted of the shotgun murder of his wife, Sara Chapman, and was sentenced to life imprisonment.[1] Her body, clad in a nightgown, was found in a river on January 15, 1986. She had been missing for about a month.

Equilla Taylor stayed at the Chapman residence on an irregular basis. On December 19, 1985, she was at Chapman's house and was expecting the birth of a child. She went to sleep about 6:00 p.m., later to awake and hear Frank and Sara Chapman's voices as they entered the house. At 12:30 a.m. she arose from her bed and walked down the hallway. Taylor did not see Frank Chapman at that time, the door to his study being closed, but she saw Sara Chapman, who was in her bedroom listening to religious tapes. Taylor returned to her room and closed her door. Shortly thereafter she heard Frank Chapman leave his study, walk toward the bedroom, and speak to Sara Chapman, who answered him. Taylor then heard a gunshot. Frightened, she remained in her room. She heard the sound of something being dragged along the floor, and then heard the sound of an automobile engine starting. About two hours later she heard Frank Chapman return, and heard the noises produced by his efforts to clean portions of his house. He left the home about 7:30 a.m. Taylor departed the Chapman home shortly thereafter and did not return. Shortly after her child was born, Taylor told police of the events that had taken place at the Chapman house.

Sara Chapman's children became concerned when she failed to follow her regular routine, and when they could not locate her. The telephone at Frank Chapman's house was not answered, and it was not until December 23, 1985, that one of her children was able to

---

[1] The crime was committed on December 19, 1985, and the indictment was returned on February 7, 1986. Chapman was convicted and sentenced on April 17, 1986. No motion for new trial was filed. The transcript of the evidence was filed on October 10, 1986. Notice of appeal was filed on May 15, 1986. The record on appeal was docketed in this court on October 28, 1986, and was argued on January 21, 1987.

reach Chapman at work. On that date, he told one of her children he last saw his wife on the evening of the 19th of December at 11:00 p.m., when she was preparing to go to church. One of Sara Chapman's children filed a missing person's report. Chapman gave the use of Sara Chapman's automobile to Mark Redding, Sara Chapman's son. With Redding's permission, the police searched the automobile and found blood stains. Chapman's house was searched on two occasions, the first time with his consent, and the second time with a search warrant. These searches produced two shotgun shells, lead fragments, a woman's wig, Sara Chapman's dentures, and samples of suspected human blood. The blood tests indicated that the samples could have been Sara Chapman's blood. An autopsy determined that Sara Chapman died as the result of one shotgun wound.

1. The evidence in this case is sufficient under the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The written affidavit presented to the magistrate in order to obtain a search warrant for Frank Chapman's home was, standing alone, insufficient; however, when supplemented by Officer Grimes' oral testimony, probable cause was shown. The trial court did not err in refusing to suppress evidence seized during the search authorized by the warrant. *Curry v. State*, 255 Ga. 215, 217 (336 SE2d 762) (1985).

3. Equilla Taylor, called as a witness, declined to take an oath, saying: "Well I'm not going to swear but I promise to tell you the truth." No objection was made to her testimony. After the state rested, Chapman moved for a directed verdict of acquittal, contending that the court could not consider Taylor's testimony because it was unsworn. The motion was properly denied by the trial court. OCGA § 24-9-60. *Belcher v. State*, 173 Ga. App. 509, 510 (326 SE2d 857) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1987.

*David R. Osborne*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General*, for appellee.