73920. PRESTON v. THE STATE.
(357 SE2d 825)

BENHAM, Judge.

A jury found appellant guilty of theft by receiving stolen property, a 1960 Chevrolet Biscayne.

1. In his first enumeration, appellant asserts as error the trial court's denial of his motion for a directed verdict of acquittal. The State had presented evidence that appellant was arrested while he sat in the driver's seat of the 1960 Biscayne which he had attempted to start. A watching police officer, recognizing the car as one reported

stolen a week earlier, had disabled the vehicle and surveilled it for two hours, during which time appellant was the only person who approached the automobile. Appellant had neither a key nor other indicia of ownership of the vehicle. The State also presented evidence that about a month later, appellant was arrested while driving another automobile reported as stolen.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property." OCGA § 16-8-7 (a). "Possession, as we know it, is the right to exercise power over a corporeal thing . . . ." *Cook v. State*, 136 Ga. App. 908 (2) (222 SE2d 656) (1975). "[A] person who knowingly has direct physical control over a thing at a given time is in actual possession of it." *Thomas v. State*, 153 Ga. App. 686 (2) (266 SE2d 335) (1980). The police officer's testimony concerning appellant's entry into the car and attempt to start the vehicle is evidence that appellant possessed or was in control of the automobile.

Appellant also questions the existence of evidence that he possessed the requisite knowledge that the car was stolen. " 'Knowledge that the goods are stolen is an essential element of the crime. This guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man. [Cits.]' ' "Unexplained possession of recently stolen goods can be used in conjunction with other evidence to infer guilty knowledge." [Cit.]' " *Pruiett v. State*, 159 Ga. App. 396 (1) (283 SE2d 625) (1981). Evidence of appellant's possession of the recently stolen car, coupled with the fact that appellant did not have any papers evidencing ownership of the car or a key to the vehicle, was sufficient to authorize the jury to infer that appellant knew or should have known of the stolen nature of the car. Inasmuch as we cannot say that there was no conflict in the evidence and that the evidence demanded a verdict of acquittal, the trial court did not err in denying appellant's motion for directed verdict. OCGA § 17-9-1; *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878) (1983).

2. Appellant next protests the admission of evidence of a similar transaction. He contends the evidence was insufficient to establish him as the perpetrator of the separate crime, that the prejudicial impact of the evidence outweighed its relevance, and that Rule 31.3 of the Uniform Rules for the Superior Courts is unconstitutional.

The State presented evidence that approximately five weeks after he was arrested in possession and control of the 1960 Chevrolet Biscayne, appellant was arrested driving a 1978 Audi Fox which had been reported stolen the previous day. Although appellant had given

the arresting officer a false name, the officer identified appellant in court as the driver of the stolen Audi. Contrary to appellant's assertion, the evidence was sufficient to identify him as the perpetrator of the similar offense. The evidence of the similar transaction was admissible, for "[w]here knowledge, motive, intent, good or bad faith, and other matters dependent upon a person's state of mind are involved as a material element in a particular criminal offense for which the defendant is on trial, and the defendant has engaged in a course of conduct at or about the same time the act in question was committed, and these transactions are such as to illustrate the state of the defendant's mind on the subject involved, proof of them may be received. [Cits.]" *Powell v. State*, 171 Ga. App. 876 (3) (321 SE2d 745) (1984). See also *Thomas v. State*, 176 Ga. App. 53 (2) (335 SE2d 135) (1985).

Appellant suggests that Rule 31.3 of the Uniform Rules for the Superior Courts is an unconstitutional judicial usurpation of a legislative function. The rule in question provides that evidence of only those similar transactions or occurrences specifically approved by the trial court is admissible at trial unless certain other conditions exist, and requires the State to inform defense counsel of its intent to seek judicial permission to enter evidence of similar transactions. Appellant, however, has in no way shown the harm he suffered from the application of Rule 31.3 to his case. "Only one who has been harmed is in a position to complain. [Cit.]" *Farley v. State*, 145 Ga. App. 98, 100 (243 SE2d 322) (1978).

3. At the conclusion of the presentation of his evidence, appellant sought and was denied a mistrial on the grounds that the State had injected the issue of appellant's character into the trial and had presented evidence of a separate dissimilar crime by showing that appellant had given a false name to the officer who arrested him in possession of the stolen Audi. The testimony which was the basis for appellant's motion was elicited during the State's presentation of its case as well as on cross-examination of appellant. No objection was made. " '(A) mistrial will not lie where evidence is admitted without objection [cit.], and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. [Cits.]' " *Flynn v. State*, 255 Ga. 415 (6a) (339 SE2d 259) (1986).

4. During its deliberations, the jury sought additional guidance from the trial court concerning the definitions of "possession" and "should have known." Over appellant's objection, the trial court responded by giving dictionary definitions of possession: "Actual holding or occupancy with or without rightful ownership" and "Actual possession exists where the thing is in the immediate occupancy of the party." Appellant contends the recharge was an erroneous statement of law because, if he had been in legal possession of the car, he

was not guilty of a crime.

We have previously discussed the definition of "possession" (see Division 1 of this opinion) and do not find the trial court's recharge to be at odds with what was said in that discussion. Whether or not one has rightful ownership to an object, one possesses it when one actually holds or occupies the object. It is guilty knowledge, i.e., that one knew or should have known the stolen nature of the object, that makes its possession illegal. In conjunction with the recharge on possession, the trial court repeated the statutory definition of theft by receiving stolen property, as well as its charges on knowledge, burden of proof and reasonable doubt; and urged the jury to give the words "their ordinary significance." We see no harm or error in the trial court's recharge.

5. Appellant next contends that the trial court's charge on intent was impermissibly burden-shifting and did not meet the requirements of due process as defined by the U. S. Supreme Court in *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979); and *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985). The trial court's instruction was virtually identical to that which withstood a similar attack in *Beal v. State*, 255 Ga. 446 (3) (339 SE2d 581) (1986).

6. Using the language of OCGA § 24-4-6, the trial court instructed the jury on returning a verdict based upon circumstantial evidence. Appellant contends error was committed because the trial court failed to inform the jury, despite appellant's request, that "the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted." See *Elam v. State*, 125 Ga. App. 427 (2) (187 SE2d 920) (1972). "Appellant's suggested additional charge on circumstantial evidence, while a correct statement of the law, was not required here since the state's case was based not solely on circumstantial evidence, but on direct evidence as well[: the testimony of the officer who saw appellant exercise possession and control over the stolen car]." *Brown v. State*, 251 Ga. 598 (4) (308 SE2d 182) (1983).

7. Lastly, appellant argues that OCGA § 16-8-12 (a) (4) (A) mandates a misdemeanor sentence for theft by receiving a motor vehicle, the value of which is not shown. The statute permits the imposition of felony punishment "if the property which was the subject of the theft was a motor vehicle or was a motor vehicle part or component which exceeded $100.00 in value . . ." Appellant maintains that the statute requires proof that a motor vehicle's value exceeds $100 before felony punishment may be handed down. We disagree. We read the statute as permitting felony punishment for the theft of a motor vehicle, regardless of value, and requiring evidence of value exceeding $100 only where a motor vehicle part or component was the

subject of the theft. Our reading of the statute comports with OCGA § 16-8-18, which defines as a felony the entry of a person into a motor vehicle with intent to commit a theft. If the entry into the motor vehicle with the intent to steal is a felony, the actual theft of the car (as defined in OCGA §§ 16-8-2 through 16-8-9 and as punished in OCGA § 16-8-12) should be no less.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 11, 1987 —
REHEARING DENIED MAY 22, 1987 —

*J. M. Raffauf*, for appellant.

*Robert E. Wilson*, District Attorney, *Elizabeth MacNamara, James Richter*, Assistant District Attorneys, for appellee.