## A90A2229. FAIR v. THE STATE.

(401 SE2d 626)

Banke, Presiding Judge.

The appellant brings this appeal from his convictions of armed robbery and theft by receiving stolen property.

On February 2, 1989, at approximately 11:00 a.m., the appellant and a companion, James Brooks, entered a jewelry store and asked the salesclerk to show them some engagement rings. After being seated in the rear of the store, Brooks produced a gun and ordered the salesclerk to put jewelry into a bag which he handed to her for that purpose. Another salesclerk who was present testified that the appellant ordered her to lie on the floor at this time and stay still. Also, both clerks stated that as Brooks was removing jewelry from a showcase, the appellant coached him on which jewelry to take. The appellant, Brooks, and a third, unidentified individual thereafter attempted to flee the premises in a 1978 Pontiac Grand Prix which had been stolen earlier that morning; however, the automobile ran out of gas in the parking lot, forcing them to flee on foot. The appellant and Brooks were apprehended in a nearby parking deck.

A police detective testified that the steering column of the stolen vehicle had been broken so as to permit it to be driven without a key and that some object such as a hammer had been used to accomplish this. There was evidence that the appellant had a large hammer tucked in his pants at the time of his arrest, and that certain paint marks on the hammer matched the maroon paint on a metal collar surrounding the steering column. Also seized at the time of the arrests, were some jewelry and a gun which Brooks had tossed away as he was being pursued. Eight hours later, another gun was discovered in the parking space adjacent to the location where the appellant had been apprehended.

The appellant acknowledged at trial that he had ridden in the stolen car and that he had accompanied Brooks inside the store but maintained that he had not known either that the vehicle was stolen or that Brooks intended to rob the store and that he had not participated in the robbery. *Held*:

1. The appellant contends that the trial court erred in admitting the gun which was recovered from the parking deck some eight hours

after his arrest because there was no evidence connecting it to the offenses for which he was on trial. Pretermitting that issue, we hold that in light of the overwhelming evidence of the appellant's guilt, the admission of this evidence was harmless, i.e., it is highly probable it did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

2. The state introduced three photographs of the crime scene, two photographs of the stolen automobile, and one photograph taken of the appellant on the day of the crime. The appellant objected to the photographs depicting the crime scene and the stolen vehicle on the ground that they were duplicative and objected to the introduction of the photograph depicting him on the ground that his identity was not at issue in the case. Under the circumstances, the admission of the photographs over these objections cannot be considered reversible error. See generally *Kettman v. State*, 257 Ga. 603 (2) (362 SE2d 342) (1987); *Hayles v. State*, 180 Ga. App. 860 (2) (350 SE2d 793) (1986).

3. The appellant contends that he was entitled to a directed verdict of acquittal on the armed robbery charge because there was no evidence that he had been in possession of a gun during the commission of the robbery. However, whether the appellant personally wielded a gun or not, the evidence was clearly sufficient to enable a rational trier of fact to find him guilty of armed robbery beyond a reasonable doubt on the theory that he was a party to the offense. See generally OCGA § 16-2-20.

4. The appellant contends that he was entitled to a directed verdict of acquittal on the theft by receiving charge based on his testimony that he had not known the vehicle was stolen. A person commits theft by receiving stolen property when he "receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a). The automobile had both a shattered window and a broken steering column. The appellant was observed getting into the vehicle immediately after the robbery, and a hammer exhibiting paint marks similar in color to that of the broken steering column was found in his possession at the time of his arrest. From this evidence, a rational trier of fact could have determined beyond a reasonable doubt that he was guilty of theft by receiving stolen property. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 31, 1991.

*Gary W. Struletz*, for appellant.
*Thomas J. Charron, District Attorney*, for appellee.