A91A1022. HURSTON v. THE STATE.
(414 SE2d 303)

ANDREWS, Judge.

Illya Hurston was tried jointly with Demetrious Reese and convicted of theft by receiving stolen property. Hurston appeals from the denial of his motion for new trial.

1. Hurston first contends the evidence was insufficient to support the verdict. The evidence presented at trial established without dispute that a silver 1986 Pontiac Fiero belonging to Stella Burns was stolen from a parking lot at Underground Atlanta on June 11, 1989, between 10:35 and 11:05 p.m. Two Rockdale County sheriff's deputies observed a silver Fiero at a convenience store later that night at approximately 1:20 a.m. Hurston's co-defendant, Reese, was driving the car and appellant was slumped in the passenger seat. The deputies became suspicious because of the late hour, the cautious manner in which Reese was walking after exiting the car, and the fact that Hurston appeared to be hiding, and decided to follow the Fiero. When Reese drove away from the store with the deputies following in their marked car, he crossed the centerline of the highway. The deputies, who by this time had ascertained from computer records that the car

was stolen, turned on the blue lights and siren of their automobile. Reese refused to stop, drove away from the deputies at a speed in excess of 100 miles per hour and attempted at one point to run the police vehicle into a wall. The deputies pursued the Fiero until Reese lost control and wrecked in a field. Reese ran from the scene and was pursued and apprehended by one deputy. Another officer apprehended Hurston, who had gotten out of the car immediately after the accident and appeared to be ready to run.

At trial, Hurston testified that he spent the day at his former girl friend's home watching television with her and a friend of hers. Later in the day, the friend called her boyfriend, Reese, whom Hurston testified he had never met, to join them. Hurston testified Reese came to the house and stayed for awhile, left for several hours, and then returned and invited Hurston to ride in the Fiero with him to a relative's home. Hurston recalled that he was suspicious about the ownership of the vehicle because Reese, a teenager, seemed too young to own such a nice car, but that in response to his inquiry Reese stated that the car belonged to his cousin. Hurston testified that after they left the convenience store and Reese saw the deputies in pursuit, he began to speed, and admitted to Hurston for the first time that the car was stolen. Hurston's trial testimony differed somewhat from an earlier statement he gave regarding the evening's events.

Burns, the vehicle's owner, testified that the vehicle was driven without keys and that the steering wheel had been damaged, which was consistent with it having been stolen. She testified that various papers, including the car registration and business cards bearing the owner's name and address, had been removed from the glove compartment and were on the floor of the car; that grass, mud, food, drink and cigarettes were scattered in the car; and that a picture of her daughter was displayed on a visor. Hurston denied noticing the personal items or the damaged steering wheel.

OCGA § 16-8-7 (a) provides: "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control. . . ."

"Unexplained possession of recently stolen property, alone, is not sufficient to support a conviction for receiving stolen property but guilt may be inferred from possession in conjunction with other evidence of knowledge. Guilty knowledge may be inferred from circumstances which would excite suspicion in the mind of an ordinary prudent man." (Punctuation and citations omitted.) *Abner v. State*, 196 Ga. App. 752, 753 (397 SE2d 36) (1990). "Possession, as we know it, is the right to exercise power over a corporeal thing. . . ." *Preston v.*

*State*, 183 Ga. App. 20, 21 (357 SE2d 825) (1987). Furthermore, " '[i]f there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction.' *Castillo v. State*, 166 Ga. App. 817, 819 (305 SE2d 629) (1983)." *Abner*, supra at 753.

Construed most favorably for the State, there was sufficient evidence for a jury to find Hurston guilty of receiving stolen property. First, there was sufficient evidence for a jury to find that Hurston knew, or should have known, that the vehicle was stolen. At trial, Hurston admitted that he doubted that the vehicle belonged to Reese. There was evidence from which the jury could reasonably have concluded that Hurston was aware during the two hours that he spent in the small vehicle that it was stolen, in that the vehicle was being driven without keys, the steering wheel was damaged and the interior was disorderly, which was inconsistent both with Reese's ownership of the vehicle and with his explanation that he borrowed it from a relative. Hurston's suspicious behavior at the convenience store and his attempt to flee also indicated that he knew the vehicle was stolen.

There was also evidence from which the jury could conclude that Hurston possessed, controlled or retained the vehicle. Although Hurston was only a passenger in the vehicle, the inquiry does not end here, for in some circumstances, a passenger may possess, control or retain a vehicle for purposes of OCGA § 16-8-7. See, e.g., *Fair v. State*, 198 Ga. App. 437 (4) (401 SE2d 626) (1991); *Tolbert v. State*, 194 Ga. App. 319 (390 SE2d 301) (1990). Here, there was sufficient evidence that Hurston exerted the requisite control over the vehicle in that Reese left Hurston alone in the car with the vehicle running when he went into the convenience store.

" 'Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law,' *Harris* [*v. State*, 236 Ga. 242, 245 (223 SE2d 643) (1976)]." *Torgersen v. State*, 200 Ga. App. 837, 839 (410 SE2d 40) (1991).

2. In his second enumeration of error, Hurston claims that the trial court erred in its instruction to the jury on explained and unexplained possession of stolen property. Hurston claims that the paragraphs of the charge were inconsistent with each other and that the charge was confusing in that it referred to a single "defendant" when two men were being tried. We find no merit to this enumeration. The jury was charged separately regarding each defendant and the crime of theft by receiving stolen property clearly and correctly outlined the elements of the crime. Further, the portion of the charge

to which Hurston objects is a correct statement of the law. See generally *Brown v. State*, 177 Ga. App. 778 (341 SE2d 226) (1986).

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. The charge given here, taken as a whole, clearly instructed the jury of the factors it was to consider in its deliberations, including the issue raised by appellant, and consequently we find no error." (Citations and punctuation omitted.) *Tate v. State*, 198 Ga. App. 276, 279 (401 SE2d 549) (1991).

3. In his third enumeration of error, Hurston claims that the trial court erred in instructing the jury on impeachment immediately after giving the charge concerning the defendant's testimony in that the order of the charges signaled the jury that the defendant's testimony was the testimony most likely to be impeached. First, Hurston failed to raise this argument at trial. Nevertheless, after reviewing the record, we find no merit in this enumeration.

*Judgment affirmed. Birdsong, P. J., Carley, P. J., Pope, Cooper, JJ., and Judge Arnold Shulman concur. Beasley, J., concurs in judgment only. Sognier, C. J., and McMurray, P. J., dissent.*

SOGNIER, Chief Judge, dissenting.

I respectfully dissent, for I find the evidence was insufficient to establish the essential element of "receiving" beyond a reasonable doubt.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen. . . . 'Receiving' means acquiring possession or control . . . of the property." OCGA § 16-8-7 (a). Here, the record is devoid of evidence that appellant exercised or intended to exercise any dominion or control over the car or that he ever acquired possession of it. See *Patterson v. State*, 159 Ga. App. 290, 294 (283 SE2d 294) (1981); accord *Owens v. State*, 192 Ga. App. 335, 340 (1) (b) (384 SE2d 920) (1989). The "mere presence" of a defendant in the vicinity of stolen goods "furnishes only a bare suspicion" of guilt, and thus is insufficient to establish possession of stolen property. *Williamson v. State*, 134 Ga. App. 329, 331-332 (214 SE2d 415) (1975). Evidence that a defendant was present as a passenger in a stolen automobile, without more, is insufficient to establish possession or control. *Williamson*, supra; see *Davis v. State*, 154 Ga. App. 599 (269 SE2d 494) (1980); accord *Abner v. State*, 196 Ga. App. 752-753 (397 SE2d 36) (1990) (conviction for theft by receiving automobile upheld where defendant was in *actual* possession of car). I disagree with the majority that the circumstantial evidence that appellant, the automobile passenger, was observed to be "slumped" in the seat while Reese parked the car and entered a store was sufficient to constitute the

type of "other incriminating circumstances" that would authorize a rejection of the general principle that "the driver of the [stolen] automobile [is] held prima facie in exclusive possession thereof." *Cheatham v. State*, 57 Ga. App. 858, 860 (197 SE 70) (1938). The cases cited by the majority on this point, *Fair v. State*, 198 Ga. App. 437 (4) (401 SE2d 626) (1991) and *Tolbert v. State*, 194 Ga. App. 319 (390 SE2d 301) (1990), are distinguishable because in each of those cases there was incriminating evidence in addition to the fact that the defendants were passengers in recently stolen vehicles.

Moreover, the evidence also did not meet the standard required for a conviction based on circumstantial evidence — i.e., that the evidence exclude every reasonable hypothesis except the guilt of the accused. See *Patterson*, supra at 294. The only evidence offered by the State to connect appellant to the stolen car was that he was a passenger in the car several hours after it was stolen. In response, appellant offered his explanation of his activities. "While neither the jury nor this court is required to accept these explanations, in the absence of any other valid explanation, we cannot ignore the only explanation offered. [Cit.] [I] conclude that there is no circumstantial evidence of guilt on which to base a conviction beyond a reasonable doubt." Id. at 295. Accordingly, I would reverse.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED DECEMBER 4, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991.

*Ronald C. Conner*, for appellant.
*Robert F. Mumford, District Attorney, S. Dabney Yarbrough, Assistant District Attorney*, for appellee.