## A91A1468. DINKINS v. THE STATE.
(414 SE2d 545)

Judge Arnold Shulman.

The appellant was convicted of armed robbery based on evidence that he and an armed accomplice, Cecil Johnson, Jr., had entered a

grocery store in Thomson, Georgia, and had robbed the bookkeeper and a cashier. Johnson testified against the appellant at trial. *Held*:

1. The appellant contends that the trial court erred in admitting into evidence a handwritten note which he (the appellant) had given to Johnson while in jail. The appellant objected to this evidence on several grounds at trial; however, on appeal he contends only that its introduction violated his pretrial right under OCGA § 17-7-210 (a) to a copy of "any statement given by him while in police custody."

This enumeration of error is without merit for at least two reasons. First, the transcript reveals that the state's attorney did not obtain the note from Johnson until 15 minutes before it was introduced into evidence. Second, "for statements to be discoverable under § 17-7-210, the request must specifically refer to the code section or make it clear that the statements must be furnished ten days prior to trial." *Satterfield v. State*, 256 Ga. 593, 598 (351 SE2d 625) (1987). The appellant's pretrial "motion for discovery" did neither but was simply a general request for discovery directed to any and all evidence in the possession or control of the state which might be favorable to him or which might "in any manner aid [him] in the ascertainment of the truth and in the preparation of his defense."

2. The appellant contends that the trial court erred in permitting the state to introduce into evidence the photographic display from which the cashier had identified him prior to trial, over his objection that these photographs had not been provided to him prior to trial in accordance with his discovery motion. This enumeration of error is also without merit. There is no general right to discovery in a criminal case. *Pruitt v. State*, 258 Ga. 583, 585 (373 SE2d 192) (1988). Even if this evidence had been exculpatory of the appellant, which it clearly was not, its admission would not have resulted in a violation of his rights under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963) since *Brady* does not require pretrial disclosure of such materials. See *Glenn v. State*, 255 Ga. 533, 534 (2) (340 SE2d 609) (1986). While the appellant argues that disclosure of such evidence may be compelled by a pretrial notice to produce filed pursuant to OCGA § 24-10-26, he filed no such notice in this case; and it has been held, in any event, that a notice to produce cannot be used by a criminal defendant to secure review of the district attorney's file in advance of a trial or evidentiary hearing. See *Gilstrap v. State*, 256 Ga. 20 (2), 21 (342 SE2d 667) (1986).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 6, 1992.

*Jimmy D. Plunkett*, for appellant.

*Dennis C. Sanders, District Attorney*, for appellee.