### A94A0024. DELAY v. THE STATE.
(444 SE2d 140)

SMITH, Judge.

William Columbus Delay was indicted by the Cobb County grand jury for the murder of his female companion and convicted of involuntary manslaughter in the commission of an unlawful act, OCGA § 16-5-3 (a). His motion for new trial was withdrawn and he appeals the conviction and sentence on the jury's verdict.

1. Delay enumerates the general grounds. Viewed in the light most favorable to the verdict, the evidence showed that Delay and the victim were guests at a relative's home in Marietta. When they returned from a birthday party late in the evening, Delay was heavily intoxicated, to the point of falling down. Delay and the victim retired together to their guest bedroom, and none of the other residents or guests at the house heard any loud noises from the room during the night. In the early morning hours Delay emerged from the bedroom and told his host that the victim was dead. There was blood embedded under Delay's fingernails and blood spattered and smeared across his shirt, cuffs and pants. Another guest observed that his hands were swollen, with blood between the fingers. When the first police officers arrived they discovered the victim's body lying across the bed. Delay came forward as the person who had found the body. As police officers continued to arrive, Delay went into the bathroom and began to wash the blood off his hands. The officers asked him to stop, and Delay became "irate" and "words were passed."

Further examination of the scene revealed no signs of forced entry; the window screens were intact and several curtains were nailed down and had not been disturbed. Blood was spattered on the bed, furniture, and personal articles in the room. After the crime scene was secured, Delay was taken to the Marietta Police Department for questioning. In a videotaped statement taken by the police, he admitted that he had slept with the victim the preceding night, but denied hitting her. He stated that "if I hit that woman, I had to be completely out of it" and stated that he had touched the victim only to see if she was alive. He gave inconsistent statements regarding when and how

he and the victim returned from the party. He could not explain how the blood got on his clothes and hands, although he suggested that the victim may have been beaten elsewhere before she entered the room. After the interview Delay was charged with the victim's murder. Clippings of his fingernails were taken, and his clothing and rings were collected for evidence.

The state medical examiner testified to the results of the autopsy performed upon the victim. He concluded that the victim was beaten severely about the head and strangled and that either mechanism could have been the cause of death. In his opinion, the quantities of blood at the scene and the spatter patterns on furnishings and clothing indicated that the victim was beaten and died in the room in which her body was found. The blood found on Delay's skin and clothing was consistent with the victim's blood, and the spatter and smear patterns on the clothing were consistent with the wearer standing or kneeling very close to a person who was being beaten. An imprint on the victim's face matched the size and design of a distinctive sculptured ring worn by Delay.

Delay contends the evidence presented against him was circumstantial and did not exclude every reasonable hypothesis but that of his guilt. However, "circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of every inference or hypothesis except that of the defendant's guilt. The evidence was sufficient for a rational trier of fact to have found the appellant guilty of involuntary manslaughter beyond a reasonable doubt. . . . Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." (Citations and punctuation omitted.) *Torgersen v. State*, 200 Ga. App. 837, 839 (1) (410 SE2d 40) (1991). The trial court charged the jury as to the burden of proof beyond a reasonable doubt and the "reasonable hypothesis" rule. A rational trier of fact could have reasonably concluded that Delay was guilty of involuntary manslaughter under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Delay complains that admission into evidence of his statements to the police on the scene that he wanted to wash his hands violated his pretrial right to discovery under OCGA § 17-7-210. However, Delay's demand for discovery fails to refer to that Code section or specifically request that any statements be furnished ten days before trial. His statements to the police therefore are not subject to the requirements of OCGA § 17-7-210. *Dinkins v. State*, 202 Ga.

App. 403, 404 (1) (414 SE2d 545) (1992).

3. Delay also complains of the admission of his videotaped statement. At trial, however, Delay withdrew his objection to the videotape and it was admitted into evidence without objection. Delay has failed to preserve this enumeration for appeal. *Wilburn v. State,* 199 Ga. App. 667, 668 (2) (405 SE2d 889) (1991).

4. A blood sample was taken from Delay pursuant to a search warrant. His motion to suppress this evidence was denied and he enumerates that ruling as error, contending the officer's affidavit was insufficient to authorize the issuance of a warrant. However, the officer testified that he gave additional facts to the magistrate. Even assuming the warrant was insufficient, when it was supplemented by the officer's oral testimony probable cause was shown. *Chapman v. State,* 257 Ga. 19, 20 (2) (354 SE2d 149) (1987).

"The warrant was sought *after* probable cause to arrest appellant had *already* otherwise been established and he had, in fact, . . . been arrested." (Emphasis in original.) *Ferrell v. State,* 198 Ga. App. 270, 272 (2) (401 SE2d 301) (1991). There was probable cause to believe that Delay had been concerned in the victim's death, and a sample of Delay's blood was needed to assist in establishing the source of the blood found on his hands and clothing. The trial court did not err in denying Delay's motion to suppress.

5. Delay also complains of the trial court's failure to give his requested charge on mutual combat. To warrant a charge on this issue, there must be evidence that the parties were armed with deadly weapons and mutually intended or agreed to fight with those weapons. *Martin v. State,* 258 Ga. 300, 301-302 (3) (368 SE2d 515) (1988). Neither at the charge conference nor in his brief did Delay point to any evidence of mutual combat, and we have found none. The trial court's refusal to charge on this principle was not error.

6. The trial court on its own motion gave a charge regarding the voluntariness of Delay's videotaped statement to the police. Delay, citing no pertinent authority, complains only that he did not request such a charge and that it prejudicially "amplified" his statement. It is true, as Delay contends, citing *Serrano v. State,* 146 Ga. App. 781 (247 SE2d 593) (1978), that a charge on voluntariness is not necessary in the absence of a request. However, "[t]his instruction states a legally correct principle of the law and there was sufficient evidence presented at trial to authorize the giving of the instruction in this case. Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." (Citations and punctuation omitted.) *Shields v. State,* 202 Ga. App. 659, 661 (3) (415 SE2d 478) (1992). This enumeration has no merit.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED MAY 11, 1994.

*Robert H. Alexander III*, for appellant.

*Thomas J. Charron, District Attorney, Charles M. Norman, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.