## A97A0209. MOSELEY v. THE STATE.
### (484 SE2d 768)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of theft by receiving stolen property, attempt to elude an officer, driving without a license and two counts of failure to obey a traffic control sign. These convictions are based upon evidence that defendant had possession of the victim's recently stolen pickup truck and that defendant fled in the stolen vehicle, at high rates of speed, when a law enforcement officer spotted him ten minutes after the victim reported the truck stolen. Defendant testified that his fingerprints were found in the victim's stolen vehicle because "a couple of guys [gave him] a ride [in the truck on the] morning [the vehicle was stolen]." This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends in his second enumeration of error that the trial court erred in denying his motion for directed verdict of acquittal with regard to the theft by receiving stolen property charge, arguing that evidence of his possession of the victim's recently stolen pickup truck is insufficient to authorize a finding, beyond a reasonable doubt, that he knew or should have known the vehicle was stolen. See *Heard v. State*, 126 Ga. App. 62, 68 (10) (189 SE2d 895). This argument is without merit.

Defendant's possession of the victim's recently stolen pickup truck is not the only evidence that defendant knew or should have known the vehicle was stolen. The State presented testimony that defendant drove off in the stolen truck when a law enforcement officer spotted him ten minutes after the vehicle was reported stolen

and that defendant abandoned the truck and fled to a nearby house after eluding the pursuing officer in a high-speed chase. This evidence is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hurston v. State*, 202 Ga. App. 311 (1) (414 SE2d 303). The trial court therefore did not err in denying defendant's motion for directed verdict of acquittal.

2. Defendant's first enumeration of error is not supported by citation of authority or argument in his brief and is thereby deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 25, 1997.

*William D. Edwards*, for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.