[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10414
Non-Argument Calendar

_____

D. C. Docket No. 06-00004-CR-CDL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK BRAMLETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 26, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Mark Bramlett appeals his conviction for possession with intent to distribute

50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). On appeal, Bramlett challenges the district court's denial of his motion to suppress evidence. After review, we affirm.

## I. BACKGROUND

A confidential informant ("CI") approached members of the narcotics task force of the Columbus, Georgia police department. The CI indicated that he could buy methamphetamine from Bramlett at a residence at 2908 Lee Street. Task force agents confirmed that Bramlett resided at the 2908 Lee Street address. Agents then arranged for the CI to make a "controlled buy" from Bramlett at 2908 Lee Street. The CI was searched, provided with money for the purchase and outfitted with an electronic monitoring device. Agents followed the CI to Bramlett's residence and observed him enter the residence, where the CI purchased two ounces of methamphetamine from Bramlett. Using the electronic monitory device, agents were able to contemporaneously listen to and record the controlled buy from Bramlett in his residence. Shortly thereafter, the CI returned to the agents with the two ounces of methamphetamine purchased from Bramlett.

While the controlled buy was being arranged, Agent Jon Memmo prepared a request for a search warrant of the 2908 Lee Street residence and a supporting affidavit. The supporting affidavit stated, among other things, that Agent Memmo

2

had received information from a reliable CI that a quantity of methamphetamine was located at 2908 Lee Street in the possession of Mark Bramlett and that the CI had observed Bramlett in possession of methamphetamine within the last 72 hours. The affidavit averred that the CI had "proven reliable in the past in that their information ha[d] led to the seizure of a quantity of illegal drugs and the pending arrest of at least one drug abuser." The affidavit described the controlled buy and stated that agents had observed the CI enter and exit the residence and return with the methamphetamine and that the controlled buy had been monitored and recorded by agents. The affidavit also stated that Bramlett was a "known drug offender" who had been arrested for drug offenses in the past.

While the controlled buy was being executed, Agent Memmo met with a Georgia superior court judge with the prepared anticipatory warrant request. Agent Memmo and the state judge maintained telephone contact with the investigating agents at the scene during the controlled buy. Once agents at the scene confirmed that the controlled buy had been completed, Agent Memmo signed the affidavit and the state judge executed the search warrant.

During the search of the 2908 Lee Street residence, agents found over 200 grams of methamphetamine and other drug paraphernalia. Bramlett was arrested and charged by a federal grand jury with one count of possession with intent to

3

distribute methamphetamine.

Prior to trial, Bramlett filed a motion to suppress the evidence found during the search of his home. Bramlett argued, inter alia, that the evidence should be suppressed because Agent Memmo's affidavit supporting the request for a search warrant: (1)"fail[ed] to adequately inform the issuing Judge of the reliability of the CI," and (2) "fail[ed] to reveal sufficient facts to constitute probable cause for the issuance of the search warrant."[1] Bramlett's motion to dismiss did not specifically argue that Agent Memmo's affidavit contained false statements, although Bramlett now makes this the focus of his appeal.

The district court held an evidentiary hearing on Bramlett's motion to suppress. The government called Agent Memmo to testify to the procedures used to conduct the controlled buy and to obtain the search warrant.

On cross-examination, defense counsel questioned Agent Memmo about the meaning of his averments in the affidavit that the CI had proven reliable in the past and that the CI's information had led to the seizure of drugs and at least one pending arrest. Agent Memmo explained that he had been referring both to the controlled buy at 2908 Lee Street and to an earlier controlled buy the CI performed

---

[1]Bramlett's motion to suppress also argued that Agent Memmo's affidavit failed to provide sufficient facts to support the issuance of a "no knock" warrant and that the scope of the search warrant was overbroad because it permitted law enforcement to search motor vehicles and persons found on the premises.

for the Phenix City, Alabama narcotics task force.

According to Agent Memmo, Phenix City police arrested the CI for possession of methamphetamine. In hopes of obtaining a reduced sentence, the CI agreed to cooperate and successfully performed a controlled buy with an unnamed individual.

The CI told Phenix City police that he could also buy drugs from Bramlett in Columbus, Georgia.[2] The Phenix City police spoke with Sergeant Price of the Columbus police and referred him to the CI. At that time, the drug seller in the Phenix City controlled buy had not yet been arrested, but his or her arrest was imminent.

Apart from cross-examining Agent Memmo, Bramlett presented no evidence at the hearing. At the conclusion of the hearing, the district court denied Bramlett's motion to suppress. The district court found that Agent Memmo's affidavit was sufficient to establish probable cause and that the government had put up sufficient evidence of the CI's reliability.

Following a trial, the jury found Bramlett guilty. The district court sentenced Bramlett to 121 months' imprisonment. Bramlett filed this appeal.

## II. DISCUSSION

---

[2]Phenix City, Alabama is on the Alabama-Georgia border and is approximately two miles away from Columbus, Georgia.

On appeal, Bramlett argues that Agent Memmo's affidavit contained false information about the reliability of the CI and that, once this information is omitted, the affidavit is insufficient to establish probable cause. Specifically, Bramlett argues that Agent Memmo's statement in his affidavit that the CI's information had "led to the seizure of a quantity of illegal drugs and the pending arrest of at least one drug abuser" referred to only the just-completed controlled buy from Bramlett at 2908 Lee Street. Bramlett complains that, contrary to Agent Memmo's averment, Agent Memmo's hearing testimony established that the CI had not been proven reliable in any other independent investigation.

"If a defendant demonstrates by a preponderance of the evidence that an affidavit used to procure a search warrant contains intentionally or recklessly false statements and that, the false statements aside, the affidavit is insufficient to establish probable cause, the district court must void the search warrant and exclude the fruits of the search." United States v. Anderton, 136 F.3d 747, 749 (11th Cir. 1998).[3] Here, Bramlett failed to show either that Agent Memmo's averments were false or that, without those averments, Agent Memmo's affidavit failed to establish probable cause.

---

[3]The government argues that Bramlett raises this particular argument for the first time on appeal and that thus we must review only for plain error. We need not address this issue because, under either a de novo or a plain error standard, we conclude that the district court properly denied Bramlett's motion to suppress.

6

At the evidentiary hearing, Agent Memmo testified that when he stated in the affidavit that the CI's information had led to the seizure of illegal drugs and a pending arrest, he was referring both to the controlled buy at 2908 Lee Street and also to the previous controlled buy conducted in Phenix City. Furthermore, Agent Memmo explained that at the time he prepared his affidavit, the Phenix City police had not yet arrested the subject of the Phenix City controlled buy, but an arrest was imminent. Bramlett presented no evidence to contradict this testimony. Thus, Bramlett failed to meet his burden to show that Agent Memmo's affidavit contained intentionally or recklessly false statements.

Furthermore, without the statements in the affidavit regarding the CI's past reliability, there was a monitored controlled buy and "sufficient independent corroboration of [the] informant's information," and, thus, no need to prove the CI's reliability. United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (quotation marks omitted). In fact, the investigating agents orchestrated the controlled buy, observed the CI enter and exit Bramlett's residence and return with methamphetamine, and monitored and recorded the transaction as it occurred. Agents also independently verified that the residence belonged to Bramlett. All this information was conveyed to the issuing state judge. See Chapman v. State, 354 S.E.2d 149, 151 (Ga. 1987). Thus, the affidavit and the agent's testimony to

7

the state judge about the completion of the controlled buy at 2908 Lee Street established "a connection between the defendant and the residence to be searched and a link between the residence and [the] criminal activity." See Martin, 297 F.3d at 1314.[4]

For these reasons, the district court did not err in denying Bramlett's motion to suppress the evidence found in the search of his residence.

**AFFIRMED.**

---

[4]Bramlett suggests that once the informant had completed the controlled buy at Bramlett's residence, there was no evidence that Bramlett's residence contained any more methamphetamine. Bramlett points to Agent Memmo's testimony acknowledging that, at the time, agents did not know whether Bramlett had sold the CI his entire supply of methamphetamine. However, law enforcement need not prove to a certainty that contraband or evidence will be found at the location to be searched; only a "fair probability" is required. United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999); see also United States v. Magluta, 44 F.3d 1530, 1535 (11th Cir. 1995). Given that Bramlett had just sold the CI methamphetamine from his residence, there was a fair probability that Bramlett had more methamphetamine at his residence.