A96A0886. IN THE INTEREST OF J. B., a child.
(474 SE2d 111)

Judge Harold R. Banke.

J. B., a minor, was on probation when he ran away from home. After officers took him into custody, as OCGA § 15-11-17 (a) allows them to do, J. B. escaped their control and attempted to flee. The State filed delinquency petitions against the child based on his pro-

bation violation and on facts which would, if J. B. were an adult, merit the charge of misdemeanor escape (OCGA § 16-10-52). The juvenile court adjudicated him delinquent, and he appeals. *Held*:

1. J. B. contends the trial court should have granted his motion to dismiss the charge based on the adult crime of misdemeanor escape. We agree. In *Flanagan v. State*, 212 Ga. App. 468 (1) (442 SE2d 16) (1994), we found the application of OCGA § 16-10-52 limited to persons who escape while in custody "prior to or after having been convicted of a *felony, misdemeanor or violation of a municipal ordinance*." The officers' custody of J. B. did not fall within this statute. "A juvenile under the jurisdiction of the juvenile court is not charged with the commission of a crime, but rather with the commission of a delinquent act, which is not a crime. . . ." *In the Interest of M. B.*, 217 Ga. App. 660, 661 (458 SE2d 864) (1995). In that case, which involved a juvenile charged with bail jumping under OCGA § 16-10-51, we held the State could not show the juvenile had been "charged with . . . a felony," as provided by the statute, even though the delinquency petition alleged facts which would constitute a felony had M. B. been an adult. Here, similarly, the State could not show a material element of the escape charge: that J. B. had been charged with a felony, misdemeanor, or violation of a municipal ordinance. We reverse the adjudication of delinquency based on escape and remand to the trial court for resentencing.

2. J. B. has made no argument and has given no citation of authority in support of his two remaining enumerations of error. To the extent Division 1 of our opinion does not render those enumerations moot, they are deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).

*Judgment affirmed in part, reversed in part, and remanded. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JULY 11, 1996.

*W. Luther Jones*, for appellant.
*Peter J. Skandalakis, District Attorney, Dennis T. Blackmon, Kevin W. Drummond, Assistant District Attorneys*, for appellee.