A97A0967. IN THE INTEREST OF C. W., a child.
(485 SE2d 561)

ELDRIDGE, Judge.

Appellant C. W. challenges the juvenile court's determination that he was delinquent due to his alleged receipt of stolen goods, as well as the court's sentence thereon. Having reviewed the record, we agree with appellant that the evidence was insufficient to find C. W. guilty as charged and reverse the adjudication of delinquency.

The undisputed facts are as follows: on or about August 24, 1996, a 1992 Chevrolet Astrovan automobile was stolen from a mobile home park in Spalding County. The van was subsequently utilized in a drive-by shooting on August 28, 1996. Later on the same day, Corporal Bradshaw of the Spalding County Sheriff's Department observed the van and recognized it as being similar to one that was reported stolen, as well as one that was reported as being involved in a drive-by shooting a few hours earlier. Corporal Bradshaw followed the van and could see four to five black males inside; he could not determine who was driving. While Corporal Bradshaw was following the van, the van abruptly turned into a driveway, where two or three men jumped out of the van and ran from the scene. Without the driver, the van, which was left in the "drive" mode, rolled backwards into the patrol car. Then, two young men, one of whom was the appel-

lant, attempted to exit the van through the passenger door but were caught by Corporal Bradshaw before they could flee and were arrested at the scene.

The arresting officer was never able to determine who the driver had been or who had been in control of the stolen vehicle. The car keys were never found. When questioned by an investigator after receiving *Miranda* warnings, C. W. stated that he had only been along for a ride and did not know that the van was stolen. At the hearing, appellant's co-defendant, D. L. S., testified that C. W. had only gone for a ride in the van and did not have control of the vehicle at any time.

The juveniles were charged with theft by receiving stolen property because they had been in the stolen vehicle. They were tried in Spalding County Juvenile Court on October 23, 1996. The juvenile court judge determined that C. W. was delinquent and sentenced him to 90 days in custody. Appellant timely appealed, asserting that the adjudication of delinquency was contrary to the law and to the evidence. *Held*:

Under OCGA § 16-8-7 (a), a person commits the offense of theft by receiving stolen property when he (1) "receives, disposes of, or retains stolen property," and (2) knew or should have known that the property was stolen. See *Cunningham v. State*, 222 Ga. App. 740 (475 SE2d 924) (1996). Further, " '[r]eceiving' means acquiring possession or control" over the property. OCGA § 16-8-7; see also *Floyd v. State*, 207 Ga. App. 275 (427 SE2d 605) (1993) (appellant retained a truck when the keys were found in his trousers); *Preston v. State*, 183 Ga. App. 20 (357 SE2d 825) (1987) (appellant possessed a car when he entered and attempted to start the vehicle). Mere proximity to stolen property is insufficient to establish possession or control. *Williamson v. State*, 134 Ga. App. 329, 331 (214 SE2d 415) (1975). In a similar vein, riding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has " 'the right to exercise power over a corporeal thing,' [Cit.]." *Hurston v. State*, 202 Ga. App. 311, 312-313 (414 SE2d 303) (1991) (appellant exerted control over a vehicle for the purpose of OCGA § 16-8-7 when he was left alone in the car with the vehicle running when the driver briefly went into a convenience store), or there exists some evidence, either direct or circumstantial, that the accused was a party to the crime by aiding and abetting its commission. *Sanders v. State*, 204 Ga. App. 545, 546 (1) (419 SE2d 759) (1992) (the accused fled from police and had property from the stolen vehicle on his person when caught). Therefore, one cannot be convicted of the crime of receiving stolen property absent exercise of control over the stolen goods, or if one is a passenger, intentionally aiding and abetting the commission

of the crime under OCGA § 16-2-20 (b). See *Sanders v. State*, supra at 546.

In the case sub judice, no evidence was presented by the State that the appellant ever retained, disposed of, acquired possession of, or controlled the stolen van, nor was any evidence presented of any affirmative act by appellant that rose to the level of aiding and abetting the crime. The undisputed evidence indicates that the appellant got into the van while it was driven by an acquaintance, known as "Rat," and that Rat previously had acquired the van from a "Geek Monster," i.e., a crack addict, who apparently traded the van for cocaine. Appellant denied ever driving the van, an assertion supported by his co-defendant, D. L. S. In addition, there was no evidence that appellant ever exercised control over the van, i.e., determined where it would go, whom it would transport, etc, or that the appellant otherwise actively aided and abetted the crime. All evidence indicates that appellant was simply along for the ride. While appellant admitted being in the van while another passenger shot at an acquaintance in a drive-by shooting, appellant was not charged with being an accessory to that offense. Therefore, lacking evidence that the appellant ever possessed or controlled the van under OCGA § 16-8-7 (a) or affirmatively acted as a party to the crime under OCGA § 16-2-20 (b), his adjudication of delinquency for the offense of theft by receiving stolen property must be reversed.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 3, 1997.

Before Judge Cook.

*Mullins & Whalen, Harold A. Sturdivant*, for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.