A00A0867, A00A0868. WYATT v. THE STATE (two cases).
(534 SE2d 431)

ANDREWS, Presiding Judge.

Louis E. Wyatt and Jill L. Wyatt were jointly indicted, tried, and found guilty of two counts of aggravated child molestation committed against their ten-year-old child. Their separate appeals are consolidated for disposition in a single opinion.

The child identified Louis and Jill Wyatt as his natural parents. The State presented testimony from the child and evidence of statements given by the child to police, counselors, and others showing: (1) that Mr. Wyatt placed his penis into the child's anus on at least two occasions and into the child's mouth on three or four occasions; and (2) that Ms. Wyatt knew Mr. Wyatt was doing these acts to the child, that she watched while the acts were committed, and that she did nothing to stop the acts. Other evidence showed that the Wyatts made the child watch them have sex with each other and with other people.

## Case No. A00A0868 (Louis Wyatt)

1. Mr. Wyatt contends the trial court erred by admitting evidence of pornographic material found in a consent search of his residence. Since no objection was made at trial to the admission of this evidence, this claim was waived. *Simpson v. State*, 271 Ga. 772, 774 (523 SE2d 320) (1999).

2. Contrary to Mr. Wyatt's claim, the State produced evidence establishing that the charged acts were committed in Floyd County.

3. The evidence was sufficient for a rational trier of fact to conclude that Mr. Wyatt was guilty beyond a reasonable doubt of both counts of aggravated child molestation. OCGA § 16-6-4 (c); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

## Case No. A00A0867 (Jill Wyatt)

4. Ms. Wyatt, who was charged as a party to the acts of aggravated child molestation committed by Mr. Wyatt, claims the evidence was insufficient to support her convictions.

> While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. If the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor. Hence, if the defendant was at the scene and

did not disapprove or oppose the commission of the offense, a trier of fact may consider such conduct in connection with prior knowledge and would be authorized to conclude the defendant assented to the commission of the offense, that he lent his approval to it, thereby aiding and abetting the commission of the crime.

(Citations, punctuation and emphasis omitted.) *Butler v. State*, 194 Ga. App. 208, 209 (390 SE2d 278) (1990). Although the child gave inconsistent statements as to whether Ms. Wyatt took any action to stop Mr. Wyatt from committing the charged acts, resolution of this conflict in the evidence was for the jury to resolve. *Ahmed Al-Beti v. State*, 210 Ga. App. 312 (436 SE2d 50) (1993). Based on evidence that Ms. Wyatt watched and did not disapprove or oppose Mr. Wyatt's commission of the charged acts, and other evidence that she and Mr. Wyatt made the child watch them have sex, a rational trier of fact could find that Ms. Wyatt aided and abetted the commission of the charged crimes and was guilty beyond a reasonable doubt as a party to the crimes. OCGA § 16-2-20; *Jackson v. Virginia*, supra.

*Judgments affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED APRIL 25, 2000 —
RECONSIDERATION DENIED MAY 11, 2000.

*Teddy L. Henley,* for appellant (case no. A00A0867).
*James C. Wyatt,* for appellant (case no. A00A0868).
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.