## A00A2479. HARRIS v. THE STATE.
### (543 SE2d 75)

BARNES, Judge.

Christopher Lamar Harris appeals his conviction of theft by receiving a motor vehicle. The trial court sentenced him to serve eight years of a ten-year sentence. After reviewing the record, we agree that the evidence against him was insufficient and reverse the conviction.

The evidence at trial established that the car owner saw a man getting into her car as she came out of a video store on July 1, 1999. She tried to stop him, but the man took her keys and drove off in her car. The next day, two Cherokee County narcotics agents in an unmarked car saw the stolen car pass illegally and contacted the Canton police to "check them out." Officers in a marked police car attempted to pull the car over using their lights and siren, but the car turned onto the expressway and began driving 100 mph. The stolen car then turned off the highway and escaped from the pursuing police and narcotics agents.

After searching the surrounding neighborhoods for approximately 20 minutes, the agents pulled into a driveway and saw the stolen car. The doors to the house and garage were open, and the agents called 911 for backup. Two men ran out of the house. One of the men was Harris, who began running toward the woods but stopped after an agent repeatedly yelled "sheriff's department." A detective testified that witnesses identified the driver of the car as Christopher Nixon, Harris's co-defendant. Evidence that Nixon pled guilty to theft by receiving a stolen vehicle and attempting to elude a police officer and was sentenced to serve two years, was not introduced at Harris's trial.

Harris explained to a Cherokee County investigator that he and Nixon had been staying at a Cartersville motel. Nixon went out and came back driving the car. Harris said he asked where the car came from, and Nixon said he had borrowed it for $20 from a man staying a few rooms down the hall from them. The two got in the car, drove around for a while, and picked up two women. Harris told the detective that "at one point" he tried to call the car owner at the motel, but did not remember the motel name, did not remember where he got the phone number from, and did not know the owner's name. The detective testified, "I asked him, 'Well, how did you try to contact him if you don't know who you're calling or where he's at?' He said he

didn't remember."

The car owner testified that when she got her car back, it had been "trashed," with records all over the inside of the car, a very muddy interior, stereo equipment missing from the trunk, and additional stereo equipment and clothing she had never seen before in the trunk. The front end had been wrecked, and a front tire was dented.

OCGA § 16-8-7 (a) provides:

A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

All the evidence presented indicates that Harris was a passenger in the stolen car, not the driver. Therefore, we must consider whether the State presented sufficient evidence that Harris knew the car was stolen and that he acquired possession or control of the car.

[R]iding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal thing, or there exists some evidence, either direct or circumstantial, that the accused was a party to the crime by aiding and abetting its commission.

(Citations and punctuation omitted.) *In the Interest of C. W.*, 226 Ga. App. 30, 31 (485 SE2d 561) (1997). In *Hurston v. State*, 202 Ga. App. 311 (1) (414 SE2d 303) (1991), we concluded that the State presented sufficient evidence that the defendant passenger knew the car was stolen by establishing that: the defendant admitted doubting the car belonged to the driver; the steering wheel was damaged; the car was driven without keys; personal papers including the car registration in the owner's name were strewn about the disheveled interior; and a picture of the owner's daughter was displayed on a visor. Id. at 312-313 (1). We determined that the State presented sufficient evidence of "possession or control" as required by OCGA § 16-8-7 by establishing that the driver "left [the defendant] alone in the car with the vehicle running when he went into the convenience store." Id. at 313 (1).

Similarly, we have affirmed passengers' convictions of theft by receiving where the State showed that the defendant was in the car a few hours after it was stolen; the owner's personal items were strewn

about the car; the steering column was damaged; the car was driven without keys; the defendant fled the scene when stopped by a police officer; and the defendant had in his possession items "that appeared to have been taken from the car." *Sanders v. State*, 204 Ga. App. 545, 546 (1) (a) (419 SE2d 759) (1992).

Finally, we affirmed where the evidence showed that the defendant admitted the car was stolen; the car was used in an armed robbery in which the defendant participated, after which a chase ensued; and the steering column was damaged. *Johnson v. State*, 236 Ga. App. 356, 357 (1) (511 SE2d 921) (1999).

We did not separately address the element of "possession or control" in *Sanders* and *Johnson*.

Unlike the cases cited above, in the case before us, the State presented no evidence that the steering column was damaged, the car was driven without keys, the owner's personal papers were scattered throughout the car, the defendant had stolen property in his possession, or the defendant admitted doubts as to the car's ownership. The State presented no evidence that Harris exerted possession or control over the vehicle. The evidence presented was that Harris was a passenger, and he ran from the police. "Therefore, lacking evidence that the appellant ever possessed or controlled the [car] under OCGA § 16-8-7 (a) or affirmatively acted as a party to the crime under OCGA § 16-2-20 (b)," his conviction of theft by receiving a motor vehicle must be reversed. *In the Interest of C. W.*, supra, 226 Ga. App. at 32; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 28, 2000.

*Gregory A. Hicks*, for appellant.
*Garry T. Moss, District Attorney, Scott T. Poole, Assistant District Attorney*, for appellee.