A01A2483. IN THE INTEREST OF D. J., a child.
(558 SE2d 806)

PHIPPS, Judge.

D. J. was found delinquent in the Juvenile Court of Spalding County for committing theft by receiving stolen property. D. J. argues that the evidence was insufficient to establish that he exercised control over the property. We agree and reverse.

Bonnie Shockley testified that a man, later identified as Mickey Miller, came to her workplace in Griffin and took her van to wash and "detail." When Miller failed to return the van, Shockley called the police. The next morning, several police officers stopped the van on a street in Griffin. S. A., who was D. J.'s juvenile co-defendant, was in the driver's seat; Phillip Prater, an adult, was in the front passenger seat; and D. J. was in the backseat.

S. A. told Sergeant James Landham that D. J. and Prater had driven the van to his residence earlier that morning to pick him up. S. A. said that D. J. had been driving the van initially, but S. A. began driving later. Landham testified that D. J. and Prater also talked to the police, but neither said that D. J. had ever driven the van. Landham admitted that S. A.'s testimony was the only evidence that D. J. had driven the van.

A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains property that he knows or should know was stolen.[1] " 'Receiving' means acquiring possession or control . . . of the property."[2] Mere proximity to stolen property does not establish possession or control.[3] Thus, "riding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle. . . ."[4]

D. J. contends that the State failed to show that he ever pos-

---

[1] OCGA § 16-8-7 (a).
[2] Id.
[3] *In the Interest of C. W.*, 226 Ga. App. 30, 31 (485 SE2d 561) (1997).
[4] (Citations omitted.) Id.; see also *Harris v. State*, 247 Ga. App. 41 (543 SE2d 75) (2000).

sessed or controlled the van. He argues that S. A.'s statement that he drove the van was insufficient to establish his guilt. We agree.

The testimony of an accomplice cannot, by itself, establish the guilt of the accused in a felony case.[5] Although only slight independent evidence is necessary to corroborate the accomplice's testimony,[6] that evidence must tend to establish that the accused participated in the crime.[7] Corroboration of other aspects of the accomplice's testimony is meaningless if that corroboration does not link the accused with the offense.[8]

In this case, the State sought to satisfy the "possession" element of theft by receiving stolen property by showing that D. J. drove the van after it had been stolen. But as Landham conceded, there was no evidence apart from S. A.'s testimony that D. J. ever drove the van. All other evidence in the case indicates that D. J. was simply a passenger. While other aspects of S. A.'s statement may have been corroborated by other evidence in the record, there was no corroboration of the portion of his statement placing D. J. behind the wheel of the van.[9] Without corroboration of that critical fact, D. J.'s adjudication as delinquent for theft by receiving stolen property cannot stand.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED JANUARY 14, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree, Ryan M. Reid,* for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney,* for appellee.

---

[5] See OCGA § 24-4-8; *In the Interest of J. B.*, 223 Ga. App. 429, 430 (1) (477 SE2d 874) (1996).

[6] *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997).

[7] *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996); *West v. State*, 232 Ga. 861, 865 (2) (209 SE2d 195) (1974); *Ledford v. State*, 162 Ga. App. 221, 223 (291 SE2d 82) (1982).

[8] *West*, supra.

[9] Cf. *Harris*, supra at 43 (evidence that defendant was a passenger in stolen car did not constitute evidence that defendant exercised possession or control of the car).