### A06A1040. MORGAN v. THE STATE.
(634 SE2d 818)

MIKELL, Judge.

Robert Ashley Morgan was convicted of theft by receiving stolen property and giving false information to a police officer by a Newton County jury. Morgan was sentenced as a recidivist to ten years, six of which to be served in confinement and the balance on probation. On appeal, Morgan challenges the denial of his motions for directed verdict on the theft charge. Morgan does not challenge his conviction for giving false information to a police officer.[1] We reverse Morgan's conviction for theft by receiving stolen property and affirm his conviction for giving false information to a police officer.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense

---

[13] (Citation omitted.) *Turner*, supra at 724.

[1] Morgan admitted during cross-examination that he gave the police officer a false name.

beyond a reasonable doubt. This test applies when the sufficiency of the evidence is challenged, whether the challenge arises from the denial of a motion for directed verdict or the denial of a motion for new trial.[2]

So viewed, the record shows that on February 24, 2004, at approximately 10:40 p.m., Joseph Jones reported that his 1997 Pontiac Grand Prix had been stolen from Big Man's Package Store in DeKalb County. Jones testified that he was schizophrenic and suffered from memory loss so he did not specifically recall the incident. However, Officer Andrea Horton testified that she met with Jones and that he advised her that he left the vehicle unlocked with the keys inside but had not seen the perpetrator(s). Horton further testified that the area from which the car was stolen was a high drug and prostitution area and that the report of the stolen car was immediately placed on the National Crime Information Center.

Lieutenant Thomas Kunz of the Newton County Sheriff's Office testified that at about 2:00 a.m. on February 25, 2004, he received a call that a 1997 Pontiac Grand Prix had been in an accident off of Highway 11 in Newton County and that there were a couple of people standing around the car; that when the responding deputies arrived at the scene, they searched the area for over an hour but found no one; that on his way to the scene at approximately 4:39 a.m., he saw a black male walking on the side of the road about a mile from the vehicle and called for backup before approaching the man; that when he returned to where the man was walking, Deputy Byron Mobley had arrived and there were two men at his vehicle, who identified themselves as Dennis Mitchell and Arnold Frazier; and that from the appearance of the men's wet clothing, they appeared to have been running through the woods. At trial, Kunz identified Morgan as the man who gave the false name of Arnold Frazier at the scene.

Mobley testified that he had already received notification that a vehicle had been reported stolen when he came upon Morgan and Mitchell and that based upon his conversation with them, he determined that they were linked to the vehicle. There was no evidence offered as to the contents of Mobley's conversation with the suspects. Deputy Brent Langley recalled that he was on the same shift as Mobley and Kunz when he heard dispatch report that a car was in the ditch and that there were individuals around the car who were trying to get it out of the ditch; that when he arrived at the car, no one was around the vehicle; that when he ran the vehicle's tag, he received a

---

[2] (Punctuation and footnotes omitted.) *Dawson v. State*, 271 Ga. App. 217 (1) (609 SE2d 158) (2005). See also *Hubbard v. State*, 239 Ga. App. 632, 634 (2) (521 SE2d 678) (1999).

report that it had been stolen from DeKalb County and that its owner was a missing and endangered person; that after searching the area, he had the car impounded, then heard Kunz's report of a suspicious person and responded to that location; that Morgan and Mitchell told him that they lived in DeKalb County; that both men gave him information that linked them to the car; and that both men were arrested and taken to Newton County jail where a fingerprint identification procedure revealed Morgan's true identity. Langley also testified that he inspected the car, which was locked; that there were no keys in the car or damage to the ignition; and that he did not know if any fingerprints were lifted from the car.

After Langley's testimony, defense counsel moved for a directed verdict, which the trial court denied. Thereafter, Morgan testified that Mitchell picked him up at about 10:00 a.m. on February 24 and that they went riding to look for girls; that Mitchell told him that he gave someone drugs in exchange for the car; and that he did not know that the car was stolen. Morgan testified that on the morning in question, Mitchell accidentally drove the car into a ditch as he tried to back out of a driveway; that they tried to get the car out of the ditch and when they could not, they left the car on foot; that they tried to flag down other cars to pick them up and that they hid in the woods;[3] that he gave the police a false name because he was afraid; that his clothes were not wet; and that he had no explanation for why they did not attempt to flag down the police or ask them for help. Mitchell did not testify. At the close of evidence, defense counsel moved for a directed verdict, which the trial court also denied. In reviewing the denial of a motion for directed verdict, we are authorized to "consider all [of] the evidence in the case in determining whether the trial court erred in overruling the motion."[4]

Pursuant to OCGA § 16-8-7 (a),

[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

Morgan argues that the trial court erred in denying his motions for a directed verdict because there was no evidence introduced that he

---

[3] At a later point in his testimony, Morgan stated that they did not go out into the woods.

[4] (Citations, punctuation and footnotes omitted.) *Williams v. State*, 246 Ga. App. 347, 352 (1) (540 SE2d 305) (2000).

possessed or exercised control over the stolen vehicle. Furthermore, Morgan maintains that even if the state's circumstantial evidence authorized the inference that he knew the car was stolen, his motions still should have been granted in light of the complete lack of evidence that he possessed or controlled the car. We agree.

In support of his argument, Morgan relies on *In the Interest of C. W.*,[5] in which we reversed an adjudication of delinquency premised on the defendant's alleged receipt of stolen goods, holding that "one cannot be convicted of the crime of receiving stolen property absent exercise of control over the stolen goods, *or if one is a passenger, intentionally aiding and abetting the commission of the crime under OCGA § 16-2-20 (b)*."[6] In that case, the defendant was a passenger in a stolen van that was used in a drive-by shooting. The undisputed evidence established that the defendant "got into the van while it was driven by an acquaintance . . . [who had] previously acquired the van from a . . . crack addict, who apparently traded the van for cocaine."[7] There was no evidence that the defendant exercised control over the van or that he otherwise actively aided or abetted the crime.[8]

Similarly here, based on the testimony of the witnesses presented by the state, there was no evidence that Morgan possessed or exercised control over the vehicle or that he aided or abetted the crime. Instead, the evidence presented regarding Morgan's involvement was Morgan's own testimony that Mitchell picked him up in the vehicle and told him that he had acquired the vehicle in exchange for drugs. However, even in light of Morgan's admission that he was a passenger in the vehicle, *In the Interest of C. W.*[9] still supports the reversal of the denial of Morgan's motions for directed verdict because there was not sufficient evidence from which a jury could infer that Morgan controlled or possessed the vehicle or aided or abetted the crime.[10] In toto, the state presented evidence of the officers' general statements that based on conversations with the suspects, the officers believed they were linked to the vehicle; that Morgan had given the police officers a false name; and that the men were wearing

---

[5] 226 Ga. App. 30 (485 SE2d 561) (1997).

[6] (Citation omitted; emphasis supplied.) Id. at 31-32. Accord *King v. State*, 268 Ga. App. 811, 812 (1) (603 SE2d 88) (2004). See also *Dixon v. State*, 277 Ga. App. 656, 659 (627 SE2d 406) (2006) (defendant convicted of theft by receiving because he aided and abetted the crime by serving as the lookout for the person who committed the crime).

[7] *In the Interest of C. W.*, supra at 32.

[8] Id.

[9] Supra.

[10] See generally *Owens v. State*, 192 Ga. App. 335, 340 (1) (b) (384 SE2d 920) (1989) (the fact that defendant was guilty of another crime tried jointly with the theft charge was simply insufficient evidence to authorize a finding, beyond a reasonable doubt, that he was in possession or control of the stolen property).

wet clothing, which may have indicated that they attempted to hide from the officers. This evidence does not sufficiently support the inference that Morgan controlled or possessed the vehicle or aided or abetted the crime.

In *Harris v. State*,[11] we reversed a conviction for theft by receiving a stolen vehicle where the only evidence presented was that the defendant was a passenger in the stolen vehicle and that he ran from the police.[12] As in this case, there was no evidence presented by the state in *Harris* that the steering column was damaged or the car was driven without keys or that the defendant had stolen property in his possession or admitted doubts as to the car's ownership.[13] "Therefore, lacking evidence that [Morgan] ever possessed or controlled the car under OCGA § 16-8-7 (a) or affirmatively acted as a party to the crime under OCGA § 16-2-20 (b), his conviction of theft by receiving [stolen property] must be reversed."[14] The trial court should have granted Morgan's motions for a directed verdict.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 25, 2006.

*James E. Millsaps*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Melanie B. McCrorey, Assistant District Attorney*, for appellee.

---

[11] 247 Ga. App. 41 (543 SE2d 75) (2000).

[12] Id. at 43.

[13] Id. Compare *Sanders v. State*, 204 Ga. App. 545, 546 (1) (a) (419 SE2d 759) (1992) (conviction of theft by receiving affirmed where the State showed that the defendant was a passenger in the car a few hours after it was stolen, the owner's personal items were strewn about the car, the steering column was damaged, the car was driven without keys, the defendant fled the scene when stopped by a police officer; and the defendant had in his possession items that appeared to have been taken from the car).

[14] (Citation and punctuation omitted.) *Harris*, supra at 43, citing *In the Interest of C. W.*, supra.