A06A2181. COOPER v. THE STATE.
A06A2182. PARRISH v. THE STATE.
(637 SE2d 480)

PHIPPS, Judge.

Following the denial of their motions for new trial, Kevin Cooper and Don Parrish appeal their convictions of theft by receiving stolen property (a Honda Accord) and fleeing or attempting to elude a police officer. We reverse their convictions of theft by receiving because the evidence is insufficient to support them. We affirm their convictions of fleeing or attempting to elude, because the evidence is sufficient to support them and no other grounds for reversal appear.

Construed in a light most favorable to support the verdict, the evidence showed that on December 18, 2004, Francis Ellis reported that his black Honda Accord had been stolen from the parking lot of an apartment complex in DeKalb County. On the evening of December 24, Cobb County Police Officer Thomas LaCaruba spotted Ellis's

stolen Honda traveling on a Cobb County road. After losing visual contact with it, he placed a radio alert to other officers in the vicinity. After receiving the alert, Officer Mike Sabens saw the Honda with three male occupants exiting an apartment complex.

Officer Sabens, assisted by another officer, stopped the Honda. But after they exited their patrol cars, the Honda sped away. An ensuing high-speed chase, during which the officers' emergency lights and sirens were activated, ended when the driver of the Honda lost control of it and crashed into someone's yard. The three occupants of the Honda thereupon fled into a nearby wooded area, failing to heed the officers' commands to stop. Officer Sabens apprehended Cooper in a briar patch and turned him over to Officer LaCaruba. Although Cooper gave LaCaruba a false name, he admitted that he knew the Honda had been stolen. In addition, observable damage to the ignition and steering column, as well as the presence of a screwdriver on the floorboard, indicated that the car had been driven without a key. Cooper, however, also told Sabens that he had been a passenger in the back seat of the Honda. And the state presented no evidence contradicting that statement. Parrish was located shortly after the chase ended, about one-half mile away from the scene. He too was identified as one of occupants of the car, but not as the driver.

1. Cooper and Parrish first challenge the sufficiency of the evidence to support their convictions of theft by receiving the stolen Honda.

"Under OCGA § 16-8-7 (a), a person commits the offense of theft by receiving stolen property when he (1) 'receives, disposes of, or retains stolen property,' and (2) knew or should have known that the property was stolen. Further, ' "(r)eceiving" means acquiring possession or control' over the property."[1]

> Mere proximity to stolen property is insufficient to establish possession or control. In a similar vein, riding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal thing[.] Therefore, one cannot be convicted of the crime of receiving stolen property absent exercise of control over the stolen goods, or if one is a passenger, intentionally aiding and abetting the commission of the crime under OCGA § 16-2-20 (b).[2]

---

[1] *In the Interest of C. W.*, 226 Ga. App. 30, 31 (485 SE2d 561) (1997) (citations omitted).

[2] Id. at 31-32 (citations and punctuation omitted).

In *In the Interest of C. W.*, we found the evidence insufficient to support a finding that the passenger in a stolen van had committed theft by receiving it, because there was no evidence that the passenger had ever exercised control of the vehicle, such as by determining where it would go or whom it would transport; nor was there any evidence that the passenger had actively aided and abetted the crime.[3] The evidence, therefore, showed nothing more than that the defendant "was simply along for the ride."[4] A similar lack of evidence resulted in reversal of a motor vehicle passenger's conviction of theft by receiving stolen property in *Harris v. State*.[5]

In *Hurston v. State*,[6] however, there was evidence that the passenger knew that the vehicle was stolen because, among other things, it was being driven without keys and the steering wheel was damaged; *and* there was sufficient evidence that the passenger exerted the requisite control over the vehicle, because the driver had left him alone in the car with the motor running when he went into a convenience store. In *Slaughter v. State*,[7] we found that the defendant had exercised sufficient control over a stolen truck to support a conviction of theft by receiving it, where the defendant along with his accomplices had used the truck as a getaway vehicle in a bank robbery.

Here, as in *Hurston* and *Slaughter*, there was sufficient evidence that the defendants knew the vehicle had been stolen. But as in *C. W.* and *Harris*, there was no evidence that they did anything other than allow themselves to be transported in the vehicle. Therefore, the evidence was insufficient to support their convictions of theft by receiving stolen property.

2. Evidence of Cooper's and Parrish's flight after the Honda was stopped was sufficient to support their convictions of fleeing or attempting to elude a police officer.

"The relevant statute, OCGA § 40-6-395 (a) . . . , provides: 'Any *driver of a vehicle* who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor.' "[8] But where a passenger flees the scene along with the driver after the police have stopped the vehicle, he becomes chargeable as a party to the crime.[9]

---

[3] Id. at 32.

[4] Id.

[5] 247 Ga. App. 41 (543 SE2d 75) (2000).

[6] 202 Ga. App. 311, 313 (1) (414 SE2d 303) (1991).

[7] 240 Ga. App. 758, 760-761 (6) (525 SE2d 130) (1999).

[8] *Bivins v. State*, 166 Ga. App. 580, 581 (2) (305 SE2d 29) (1983) (emphasis in original).

[9] See id. (evidence that passenger threw contraband out of car during police chase

3. Although technically the issue is moot, we note that the trial court erred in refusing to give Cooper's and Parish's requests to instruct the jury in accordance with the legal principles set forth in C. W.[10] The court refused to give this requested charge based on its erroneous determination that riding in a vehicle with knowledge that it is stolen is alone sufficient to support a conviction of theft by receiving the stolen property.

4. Cooper charges his trial attorney with ineffective assistance in failing to object to certain comments by the prosecutor. During the voir dire examination of prospective jurors, the prosecutor asked on several occasions whether panel members could follow the jury instruction that, under Georgia law, one who aids and abets in the commission of a crime is guilty as a party thereto. Each time, the prosecutor gave as an example that the driver of a getaway car is as guilty of armed robbery as the gunman who goes into the bank. Cooper argues that counsel should have objected to the prosecutor's reference to the crime of armed robbery as improper and prejudicial. Because there is nothing in the circumstances of this case that would have caused the prosecutor's reference to the extrinsic offense of armed robbery to have improperly influenced the jurors, counsel was not ineffective in failing to object.[11]

5. Contrary to arguments advanced by Parrish, the trial court did not abuse its discretion in denying his motion for trial severance.[12]

*Judgments affirmed in part and reversed in part. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED OCTOBER 13, 2006.

*Chandler R. Bridges*, for appellant (case no. A06A2181).
*Patrick G. Longhi*, for appellant (case no. A06A2182).
*Patrick H. Head, District Attorney, Grady A. Moore, Amelia G. Pray, Assistant District Attorneys*, for appellee.

---

sufficient to show driver and passenger acted in concert to effect unlawful escape); see generally *Peppers v. State*, 242 Ga. App. 416, 417 (1) (530 SE2d 34) (2000) (conduct before and after offense are circumstances from which participation may be inferred); compare *Carter v. State*, 249 Ga. App. 354, 357 (5) (548 SE2d 102) (2001) (no evidence that passenger fled or resisted arrest after vehicle stopped).

[10] See quoted text accompanying footnote 2, supra.
[11] See generally *Waters v. State*, 248 Ga. 355, 363 (3) (283 SE2d 238) (1981).
[12] See generally *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).