654 S.E.2d 424 (2007)
In the Interest of J.Q.W., a child.
No. A07A1255.
Court of Appeals of Georgia.
November 16, 2007.
*425 Michael L. Randolph, Macon, for appellant.
Howard Z. Simms, District Attorney, Gerald L. Henderson, Assistant District Attorney, for appellee.
BERNES, Judge.
The juvenile court adjudicated J.Q.W. delinquent for committing theft by receiving stolen property, a motor vehicle.[1] J.Q.W. contends that there was insufficient evidence to support the juvenile court's findings. We agree and thus reverse.
When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged.
(Citations omitted.) In the Interest of P.M.H., 277 Ga.App. 643, 644(1), 627 S.E.2d 211 (2006).
So viewed, the evidence shows that in the early morning hours of September 2, 2006, a patrol officer observed a gray Oldsmobile proceeding east in the westbound lane of U.S. 80 in Bibb County. The officer turned on the blue lights of his patrol car, but the Oldsmobile did not stop. Instead, the Oldsmobile turned down a side street, and a highspeed chase ensued. While he was behind the Oldsmobile, the officer observed three occupants  a driver, a front seat passenger, and a back seat passenger. The back seat passenger, later identified as defendant J.Q.W., moved back and forth from the right to the left side of the vehicle and attempted to open the rear doors several times as the chase continued. During the chase, the Oldsmobile weaved back and forth and repeatedly slowed down and sped up. The chase ended when the Oldsmobile came to a halt and all three occupants fled on foot in the same direction.
The patrol officer thereafter inspected the abandoned Oldsmobile. The officer observed that the steering column had been "busted." He also found a screwdriver that apparently had been used to start the vehicle underneath the driver's seat. Additionally, the officer saw a half full, five-gallon gasoline can *426 sitting in the back seat unsecured. No gasoline had spilled in the vehicle.
A few hours later, the back seat passenger was apprehended and identified as J.Q.W. A subsequent investigation revealed that the Oldsmobile had been stolen from the driveway of a Macon residence on September 1, 2006. Neither the screwdriver nor the gasoline can found in the Oldsmobile belonged to the vehicle owner.
The state filed a delinquency petition urging that J.Q.W. be adjudicated delinquent because he allegedly had committed theft by receiving the stolen Oldsmobile and obstruction of a law enforcement officer. At the delinquency hearing, the state called two witnesses, the patrol officer involved in the chase and the vehicle owner. The state also introduced and published a videotape from the patrol car that recorded the chase and stop. The defense called no witnesses. After hearing the evidence, the juvenile court found that J.Q.W. had committed the alleged offenses and adjudicated him delinquent.
On appeal, J.Q.W. contends that there was insufficient evidence to support his adjudication of delinquency for theft by receiving the stolen Oldsmobile. In this respect, he argues that there was insufficient evidence that he either directly committed the crime or was a party to the crime. We agree.
a. Direct Commission of the Crime. Under OCGA § 16-8-7(a), [a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.
"Mere proximity to stolen property is insufficient to establish possession or control." (Footnote omitted.) Cooper v. State, 281 Ga. App. 882, 883(1), 637 S.E.2d 480 (2006). Thus, we have held that "riding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal thing." (Citation and punctuation omitted.) In the Interest of C.W., 226 Ga. App. 30, 31, 485 S.E.2d 561 (1997). See Cooper, 281 Ga.App. at 883-884(1), 637 S.E.2d 480; Morgan v. State, 280 Ga.App. 646, 648-649, 634 S.E.2d 818 (2006); In the Interest of D.J., 253 Ga.App. 265, 266, 558 S.E.2d 806 (2002); Harris v. State, 247 Ga. App. 41, 43, 543 S.E.2d 75 (2000).
Here, there was no evidence that J.Q.W. exercised power or control over the stolen Oldsmobile, such as by driving it or otherwise controlling where it would go or whom it would transport, as the state itself apparently concedes. Compare Jones v. State, 285 Ga.App. 866, 868(1), 648 S.E.2d 183 (2007) (evidence was sufficient to find defendant had the right to exercise control over the stolen vehicle, "given that it was parked in front of his apartment") (footnote omitted); Hurston v. State, 202 Ga.App. 311, 313(1), 414 S.E.2d 303 (1991) (evidence was sufficient to find defendant had the right to exercise control over the stolen vehicle, in that he was "left . . . alone in the car with the vehicle running when [the driver] went into the convenience store"). Thus, there was insufficient evidence to show that J.Q.W. directly committed the offense of theft by receiving the stolen Oldsmobile.
b. Party to the Crime. "A person need not directly commit a crime to be charged and convicted of that crime. . . ." (Citation omitted.) Jordan v. State, 272 Ga. 395, 396(1), 530 S.E.2d 192 (2000). If a person "[i]ntentionally aids or abets in the commission of the crime," he or she can be found guilty as a party to the crime. OCGA § 16-2-20(b)(3). To "abet" means "to encourage, incite, or help," while to "aid" means "to give help or assistance to." (Citation and punctuation omitted.) Moore v. State, 234 Ga.App. 424, 427(3), 506 S.E.2d 925 (1998). "Mere presence at the scene of a crime and mere approval of the criminal act are not sufficient evidence to establish that the defendant was a party to the crime." (Citation omitted.) In the Interest of N.L.G., 267 Ga.App. 428, 429-430(1), 600 S.E.2d 401 (2004). The evidence must further establish that the defendant "share[d] a common criminal intent with *427 the actual perpetrators." (Citation omitted.) Id. at 430(1), 600 S.E.2d 401.
Applying these principles in the context of motor vehicle passengers, we have held that a passenger can be found guilty of theft by receiving a stolen vehicle if "there exists some evidence, either direct or circumstantial, that the accused was a party to the crime by aiding and abetting its commission." (Citation omitted.) In the Interest of C.W., 226 Ga.App. at 31, 485 S.E.2d 561. Significantly, however, we have held that the fact that there was damage to the steering column making it easily observable that the vehicle had been stolen, that the defendant was a passenger, and that the defendant fled from police provided insufficient evidence that the defendant aided and abetted the crime. See Cooper, 281 Ga.App. at 883-884(1), 637 S.E.2d 480. See also Harris v. State, 247 Ga.App. at 43, 543 S.E.2d 75 (evidence "that [defendant] was a passenger, and he ran from the police," was insufficient to show that defendant was a party to the crime of theft by receiving a stolen vehicle); In the Interest of C.W., 226 Ga.App. at 30-32, 485 S.E.2d 561 (evidence that defendant was a back seat passenger who had attempted to escape from the police was insufficient to sustain conviction). Accord Brown v. State, 285 Ga.App. 330, 332, 646 S.E.2d 273 (2007) (noting that "mere spatial proximity combined with flight is insufficient to connect a defendant to nearby contraband") (citations and footnotes omitted). This case fits into that same fact pattern, necessitating a reversal of the juvenile court based on our binding prior precedent.
We are not persuaded, as argued by the state, that the half-full gasoline can found sitting in the back seat unsecured, without having spilled, provided circumstantial evidence of an additional, affirmative act by J.Q.W. that aided and abetted the crime. Specifically, the state argues that the gasoline can (which did not belong to the vehicle owner) must have been in the vehicle in order to fill up the gas tank or set the car on fire, and that J.Q.W. must have held the can before and during the chase to prevent it from spilling, thereby committing an affirmative act that aided and abetted the theft.
When relying upon circumstantial evidence to support a conviction, the state must present evidence excluding every reasonable hypothesis of innocence. OCGA § 24-4-6; Brown, 285 Ga.App. at 333, 646 S.E.2d 273; Walker v. State, 281 Ga.App. 94, 99-100(5), 635 S.E.2d 577 (2006). The state has failed to do so here. There is no evidence in the record that J.Q.W. bought the gasoline, filled the gasoline can, or held the can prior to the chase. At best, the location of the unsecured gasoline can and the fact that it had not spilled supported an inference that J.Q.W. held the can during the course of the chase. But, even an innocent passenger likely would have held onto the gasoline can once a high-speed chase ensued in order to prevent himself or the car from being doused with gasoline. As such, holding the gasoline can during the chase was equivocal evidence of guilt.[2]
Finally, the state asserts that we should overrule our prior precedent and adopt the test for aiding and abetting set forth in Wyatt v. State, 243 Ga.App. 882, 534 S.E.2d 431 (2000), which the state contends provides a more flexible test than has been previously applied in our passenger cases. But, Wyatt does not conflict with our precedent dealing with passengers or otherwise create a less rigorous test for aiding and abetting. Wyatt is simply inapposite to the present case because it dealt with whether a parent's failure to act to prevent sexual abuse could be construed as aiding and abetting the abuse. See id. at 882-883(4), 534 S.E.2d 431. Unlike a mere passenger in a car, a parent has a statutory duty to act, namely, a statutory duty to protect his or her children. See OCGA § 19-7-2; State v. Roberts, 234 Ga. *428 App. 522, 523(2), 507 S.E.2d 194 (1998). Thus, inaction of a passenger in a car in the face of wrongdoing by others does not have the same legal consequences as inaction by a parent in the face of wrongdoing by others toward his or her children. As such, Wyatt does not change the outcome here.
"Therefore, lacking evidence that the appellant ever possessed or controlled the car under OCGA § 16-8-7(a) or affirmatively acted as a party to the crime under OCGA § 16-2-20(b)," we must reverse J.Q.W.'s adjudication of delinquency for theft by receiving stolen property. (Citations and punctuation omitted.) Harris, 247 Ga.App. at 43, 543 S.E.2d 75. We remand the case to the juvenile court for reconsideration of the disposition based upon the adjudication of delinquency for obstruction of a law enforcement officer, which remains intact. See In the Interest of D.B., 284 Ga.App. 445, 449(3), 644 S.E.2d 305 (2007); In the Interest of J.B., 222 Ga.App. 252, 253(1), 474 S.E.2d 111 (1996).
Judgment reversed.
BLACKBURN, P.J., and RUFFIN, J., concur.
NOTES
[1] Although J.Q.W. also was adjudicated delinquent for obstruction of a law enforcement officer, he does not challenge this adjudication on appeal.
[2] The state also argues that the fact that J.Q.W. was moving back and forth in the Oldsmobile and attempting to open the rear doors of the vehicle during the chase constituted affirmative acts aiding and abetting the crime. Again, we disagree. As previously noted, flight from police by a passenger in a stolen vehicle is insufficient, without more, to make the passenger a party to the crime of theft by receiving. See Cooper, 281 Ga.App. at 883-884(1), 637 S.E.2d 480; In the Interest of C.W., 226 Ga.App. at 30-32, 485 S.E.2d 561; Harris, 247 Ga.App. at 43, 543 S.E.2d 75. Accord Brown, 285 Ga.App. at 332, 646 S.E.2d 273.