**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 7, 2015**

# In the Court of Appeals of Georgia

A15A0618. TIGNER v. THE STATE.

RAY, Judge.

A Fulton County jury found Demarius Tigner guilty on four counts of aggravated assault; two counts each of armed robbery, criminal attempt to commit armed robbery, and theft by receiving stolen property; and one count of possession of a firearm during the commission of a felony. On appeal, Tigner contends that the evidence was insufficient to support his conviction on one of the counts of theft by receiving. Tigner does not challenge his convictions on the remaining offenses. For the reasons that follow, we reverse his conviction only as to the one count of theft by receiving at issue.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the [defendant] is no longer entitled to the presumption

of innocence." (Citation omitted.) *Newsome v. State*, 324 Ga. App. 665, 665 (751 SE2d 474) (2013). In determining the sufficiency of the evidence, we neither weigh the evidence nor assess the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the appellant guilty of the crime charged beyond a reasonable doubt. *Byrd v. State*, 325 Ga. App. 24, 24 (752 SE2d 84) (2013).

The evidence shows that on September 10, 2009, Jocquilynn Millines was walking to her car when she was approached by two men. One of the men had a gun, and Millines was ordered to get on the ground. After the men took her car keys and cell phone, one of the men asked her for money. When Millines stated that she did not have any, the two men got in her car and drove away. The vehicle stolen from Millines was a silver, 2008 Pontiac Grand Prix. She had recently purchased the car, and it still had the drive-out dealer tag affixed. During the subsequent investigation, the police presented Millines with photographic line-ups of possible suspects. However, she was unable to identify the two perpetrators from those line-ups.[1]

Two days later, on September 12, 2009, Millines's stolen car was used during the commission of two armed robberies and two attempted armed robberies. Based on witness testimony, the car had several occupants at that time, and the evidence

---

[1] The State did not attempt to have Millines identify Tigner at trial.

shows that Tigner was one of the passengers. Shortly after the victims reported the incidents to the police, a police officer located a car matching the description given by the victims parked in the driveway of a residence.[2] Police officers detained four men who were found at the scene, later identified as Tigner, Fabian Avery, Lawrence Burton, and Randy Redding. Three of the victims were later able to identify these men as the perpetrators.

At trial, Burton testified that he had obtained the car that was used on September 12, 2009, from a friend who was not involved in the case. There was no evidence presented at trial to show that Tigner was involved in the previous theft of Millines's car or that he knew, or should have known, that the car had been stolen.

On appeal, Tigner contends that the evidence was insufficient to support his conviction for theft by receiving Millines's stolen car. We agree.

Pursuant to OCGA § 16-8-7 (a),

[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means

---

[2] It was later determined that the residence belonged to Sheneal Redding and her two sons, Randy and Lamarkus Redding.

acquiring possession or control or lending on the security of the property.

All the evidence presented indicates that Tigner was a passenger in the stolen car, not the driver. Therefore, we must consider whether the State presented sufficient evidence that Tigner knew the car was stolen and that he acquired possession or control of the car or otherwise actively aided or abetted in the theft of the car.

> [R]iding in a stolen . . . automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal thing, or there exists some evidence, either direct or circumstantial, that the accused was a party to the crime by aiding and abetting its commission.

(Citations and punctuation omitted.) *In the Interest of C.W.*, 226 Ga. App. 30, 31 (485 SE2d 561) (1997).

In *Hurston v. State*, 202 Ga. App. 311 (414 SE2d 303) (1991) (physical precedent only), we concluded that the State presented sufficient evidence that the defendant passenger knew the car was stolen by establishing that: the defendant admitted doubting the car belonged to the driver; the steering wheel was damaged; the car was driven without keys; personal papers including the car registration in the

4

owner's name were strewn about the disheveled interior; and a picture of the owner's daughter was displayed on a visor. Id. at 312-313 (1). We determined that the State presented sufficient evidence of "possession or control" as required by OCGA § 16-8-7 by establishing that the driver "left [the defendant] alone in the car with the vehicle running when he went into the convenience store." Id. at 313 (1).

Similarly, in *Sanders v. State*, 204 Ga. App. 545 (419 SE2d 759) (1992), we affirmed the defendant passenger's conviction of theft by receiving where the State showed that: the defendant was in the car only a few hours after it was stolen; the owner's personal items were strewn about the car; the steering column was damaged; the car was driven without keys; the defendant fled the scene when stopped by a police officer; and the defendant had in his possession items "that appeared to have been taken from the car[.]" Id. at 546 (1) (a).

Finally, in *Johnson v. State*, 236 Ga. App. 356 (511 SE2d 921) (1999), we affirmed the defendants' convictions for theft by receiving a stolen vehicle where the evidence showed that: the defendants admitted that the car was stolen; the car was used in an armed robbery in which the defendants participated, after which a chase ensued; and the steering column was damaged. Id. at 357 (1).

5

Unlike the cases cited above, in the case before us, the State presented no evidence to show that it would have been readily apparent to Tigner that the car had been stolen, that he had taken items from the car that belonged to Millines, or that he admitted doubts as to the car's ownership. Furthermore, the State presented no evidence that Tigner exerted possession or control over the car or otherwise participated in the theft of the car. The evidence presented was that Tigner was later a passenger in the car and had participated in the crimes that took place on September 12, 2009. As the evidence was insufficient to show that Tigner knew or should have known the car was stolen, and because there was no evidence to show that he possessed or controlled the car or was involved in the theft of the car, his conviction of theft by receiving a motor vehicle must be reversed. See *In the Interest of C.W.*, supra. Accord *Morgan v. State*, 280 Ga. App. 646, 648-650 (634 SE2d 818) (2006) (defendant passenger's conviction for theft by receiving motor vehicle reversed where there was no evidence that defendant possessed or exercised control over the car or that he aided or abetted in the theft); *Harris v. State*, 247 Ga. App. 41, 42 (543 SE2d 75) (2000) (same). See generally *Owens v. State*, 192 Ga. App. 335, 340 (1) (b) (384 SE2d 920) (1989) (the fact that defendant was guilty of another crime tried jointly with the theft by receiving charge was simply insufficient evidence to authorize a

6

finding, beyond a reasonable doubt, that he was in possession or control of the stolen property).

Applying the foregoing authorities to the particular facts of this case, we must reverse Tigner's conviction for theft by receiving motor vehicle. However, our holding in no way affects his convictions on the remaining offenses.

*Judgment reversed in part. Barnes, P. J., and McMillian, J., concur.*