**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 27, 2016**

# In the Court of Appeals of Georgia

A16A0682. SAPP v. THE STATE.

BARNES, Presiding Judge.

Following his convictions for fleeing or attempting to elude a police officer and obstruction of an officer, Charles Sapp appeals. Sapp contends that there was insufficient evidence to support the conviction for fleeing or attempting to elude a police officer. We disagree and affirm the conviction.

"On appeal we must view the evidence in the light most favorable to the verdict, [Sapp] no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses." *Hyman v. State*, 222 Ga. App. 419, 421 (1) (474 SE2d 243) (1996).

Viewed in the light most favorable to the verdict, the evidence shows that on December 31, 2012, Sapp and his co-defendant were involved in a knife fight with another man. After the altercation, Sapp and the co-defendant got into a van and left the scene, with Sapp riding in the passenger seat. A police officer who had been

dispatched to the scene saw the van traveling away from the area at a high rate of speed and initiated a traffic stop. He activated his blue lights and siren, but the van "attempted to flee" from him.

At one point, the officer saw the passenger, Sapp, exit the vehicle and continue fleeing on foot. The police officer decided to follow Sapp instead of the van and "[g]ave several loud verbal commands to stop and get on the ground to [Sapp] and he refused to do so." Sapp ran into a backyard gathering and when the police officer arrived, Sapp began to run towards him with his hands clenched into a fist. The police officer then used his taser on Sapp and arrested him.

Sapp and his co-defendant were indicted for armed robbery, three counts of possession of a knife during the commission of a felony, aggravated battery, burglary, fleeing or attempting to elude a police officer, and two counts of obstruction of an officer. At trial, Sapp was convicted for fleeing or attempting to elude a police officer and one count of obstruction of a police officer. He now appeals, arguing that there was insufficient evidence to convict him of fleeing or attempting to elude a police officer.

"When evaluating the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond

a reasonable doubt." *Taylor v. State*, 267 Ga. App. 588, 590 (600 SE2d 675) (2004); *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). OCGA § 40-6-395 (a) states:

> It shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop.

Furthermore, a passenger can be convicted as a party to the crime of fleeing or attempting to elude a police officer, if he flees the scene on foot after the police have stopped the fleeing vehicle. *Cooper v. State*, 281 Ga. App. 882, 884 (2) (637 SE2d 480) (2006) (holding "where a passenger flees the scene along with the driver after the police have stopped the vehicle, he becomes chargeable as a party to the crime").

At trial, the police officer testified that he saw Sapp flee once he exited the pursued vehicle, and Sapp testified that he ran around the corner because he believed "the patrolman would stay with the injured party, inside the van, and then I would get– and get me away on home to my girlfriend, where I was supposed to be." He also testified he was "intending to flee." We believe this evidence is sufficient to show that Sapp was a party to the crime of fleeing or attempting to elude the police officer. *Westmoreland v. State*, 287 Ga. 688, 693 (4) (b) (699 SE2d 13) (2010). See *Bivens*

3

*v. State*, 166 Ga. App. 380, 381 (2) (305 SE2d 29) (1983); *Cooper*, 281 Ga. App. at 884 (2).

Sapp cites to *Carter v. State*, 249 Ga. App. 354, 357 (5) (548 SE2d 102) (2001) to argue that as a passenger, he can not be convicted of fleeing or attempting to elude a police officer. However the present case is distinguishable because in *Carter* there was no evidence that defendant passenger fled from the vehicle being pursued by the police. *Carter*, 249 Ga. App. at 357 (5). Accordingly, we affirm Sapp's conviction.

*Judgment affirmed. Boggs and Rickman, JJ., concur.*