**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 21, 2020**

# In the Court of Appeals of Georgia

A20A1642. In the Interest of J. B., a child.

MERCIER, Judge.

The juvenile court adjudicated J. B. delinquent for committing an act that, if committed by an adult, would constitute theft by receiving stolen property. J. B. appeals the denial of his motion for new trial, arguing that the evidence was insufficient to support his delinquency adjudication. We agree and reverse.

"When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases." *In the Interest of J. Q. W.*, 288 Ga. App. 444, 445 (654 SE2d 424) (2007) (citation and punctuation omitted). We construe the evidence in the light most favorable to the adjudication and determine whether a rational trier of fact could have found that the juvenile committed the acts alleged beyond a reasonable doubt. See id.

Viewed in this manner, the evidence shows that on the morning of February 20, 2018, Andrew Warren discovered that his car was missing from the driveway of his Glynn County home. Later that evening, police found Warren's car abandoned in Camden County. The car was undamaged, but the key, which Warren had accidently left in the vehicle, was missing. Police recovered several latent fingerprints from the exterior of the driver's door, behind the window. An analysis of these prints produced "hits" for three individuals – J. B. and two other males. Warren testified that J. B. did not "have permission to take [his] car[.]" Warren admitted, however, that he did not see who stole the car from his home.

Based on the evidence presented, the juvenile court adjudicated J. B. guilty of theft by receiving stolen property. Pursuant to OCGA § 16-8-7 (a), a person commits this crime "when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a). The term "receiving" in this context means "acquiring possession or control or lending on the security of the property." OCGA § 16-8-7 (a). With respect to stolen vehicles, mere proximity does not establish possession or control. See *In the Interest of J. Q. W.*, supra at 446 (a). Rather, the State must offer evidence that the accused "exercised power or control

over the stolen [vehicle], such as by driving it or otherwise controlling where it would go or whom it would transport." Id.

No such evidence exists here. At best, the record shows that J. B. touched the outside of the driver's door at some unknown point in time. Nothing indicates that his fingerprints were on "the driver's side door handle," as the State claims on appeal without any support in the record.[1] And his fingerprints were not found inside the vehicle. Asserting that J. B. resides in Camden County, the State argues that the "fact that the vehicle [was abandoned] in the defendant's home county also supports that J. B. was within the vehicle with some control." But the testimony presented at the adjudication hearing did not establish the county of J. B.'s residence.[2] Moreover, even if J. B. is a Camden County resident, the State made no effort to demonstrate where the vehicle was located in relation to his home. Compare *Jones v. State*, 285 Ga. App. 866, 868 (1) (648 SE2d 183) (2007) (jury authorized to find that defendant had the

---

[1] We are troubled by the State's mischaracterization of the trial testimony, particularly given the brevity of the adjudicatory hearing (which produced only a 20-page transcript) and a complete lack of evidence that J. B.'s prints were on the door handle.

[2] The State did not tender any exhibits into evidence to support its case against J. B.

right to exercise power over stolen vehicle "given that it was parked in front of his apartment").

Certainly, the State may rely upon circumstantial evidence to sustain a conviction or juvenile adjudication. See OCGA § 24-14-6; *In the Interest of J. Q. W.*, supra at 447 (b). When doing so, however, the State "must present evidence excluding every reasonable hypothesis of innocence." Id.; see also OCGA § 24-14-6. Other than the fingerprints found on the exterior of the vehicle, the State offered no evidence connecting J. B. to the car or excluding the possibility that his contact with the vehicle involved something other than possession or control. The evidence did not, for example, discount the possibility that J. B. was merely a passenger in a vehicle stolen by the other two individuals who left prints on the driver's door. See *In the Interest of J. Q. W.*, supra at 446 (a) ("[R]iding in a stolen van or automobile as a passenger does not support a conviction for theft by receiving unless the accused also, at some point, acquires possession of or controls the vehicle, i.e., has the right to exercise power over a corporeal thing." (citation and punctuation omitted)); *Buchanan v. State*, 254 Ga. App. 249, 251 (1) (562 SE2d 216) (2002) (evidence insufficient to sustain conviction for theft by receiving stolen property; although defendant's shirt was found inside stolen vehicle, no evidence showed that defendant

4

"ever possessed or controlled the stolen car or affirmatively acted as a party to the crime").

The record demonstrates that J. B. had some contact with the exterior of the stolen vehicle. But there is no proof that he possessed or controlled the car or affirmatively acted as a party to the crime of theft by receiving stolen property. Accordingly, the evidence was insufficient, and J. B.'s adjudication of delinquency must be reversed. See *In the Interest of J. Q. W*., supra at 448 (b); *Buchanan*, supra; see also OCGA § 16-2-20 (defining when a person is a party to a crime).

*Judgment reversed. Miller, P. J., and Coomer, J., concur*.